UNKNOWN HEIRS OF R. B. TUTT v. W. W. MORGAN.

Delivered April 30, 1898.

**1. Appeal—Guardian ad Litem.**

Article 1408, Revised Statutes, providing that "executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity," is broad enough to cover guardians ad litem.

**2. Same—Nonresident Minors.**

An attorney appointed by the court to represent nonresident minors cited without personal service can not be regarded as a guardian ad litem authorized to take an appeal for them without giving bond.

**3. Deed—Recital of Consideration.**

It is not necessary to the validity of a deed or transfer that it shall recite a consideration.

**4.  Same—Conveyance by Indorsement on Deed.**

An indorsement on the back of a conveyance, duly signed and witnessed, purporting to transfer the "within bond" to a person named, is sufficient in connection with a delivery of the conveyance to the person named to transfer the title to the land, notwithstanding the use of the word "bond" instead of deed or conveyance to identify the subject of the transfer.

**5.  Same—Erasures.**

A deed or transfer is not affected by the fact that pen scratches have been drawn through the writing, without, however, obliterating it or rendering it unintelligible, where there is no pleading raising any question as to that matter.

**6.  Evidence—Harmless Error.**

Error in admitting a deed to prove plaintiff's title is harmless where the title had already been proved.

**7.  Judgment—Practice.**

Assignments of error predicated upon a personal judgment which has been settled will not be considered.

**8.  Costs—Motion to Retax Necessary.**

The appellate court will not revise the action of the trial court in taxing costs, in the absence of a motion below to retax.

Appeal from Ellis.  Tried below before Hon. J. E. Dillard.

*A. L. Love*, for appellants.

*A. A. Kemble*, for appellees.

ON MOTION TO DISMISS.

FINLEY, Chief Justice.—This is a motion to dismiss appeal, because appellants have not filed appeal bonds in the court below.

In so far as it relates to Baker and wife, Mayfield and wife, Alexander and wife, and Westlake and wife, the motion is based upon the erroneous idea that the parties named appear in the record as parties appellant. They do not appear from the record as having appealed from the judgment of the court below; and they would not be considered as appellants, regardless of the motion to dismiss.

As to appellant Maud Holt, who has appealed through her guardian ad litem, the motion is not well taken and should be overruled.

Article 1408, Revised Statutes, provides that "executors, administrators, and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity." This statute is broad enough to cover guardians ad litem.  Schonfield v. Turner, 6 S. W. Rep., 628; Butler v. Davis, 52 Texas, 74.

As to the appeal attempted to be taken by the unknown heirs of R. B. Tutt, and by the nonresidents Charles Wynn and Smith Wynn, the motion to dismiss is well taken, and is sustained. It is contended that, because the record recites that the nonresidents are minors, and that the record shows that there was an attorney appointed to represent them, he must be treated as a guardian ad litem. This position can not be sustained.

The court would have no authority to appoint a guardian without personal service upon the minors; and it is sufficient to say that the court did not attempt to appoint any such guardian for the nonresidents involved in this case. The statute authorizing appeals from final judgments of trial courts gives no authority for an appeal to be taken by unknown heirs and nonresidents in any such manner as is attempted in this case, namely, through an attorney, who gives no appeal bond for them. In allowing appeals without bond, this court will not go beyond the exceptions named in the statute.

*Ordered accordingly.*

Delivered October 30, 1897.

### ON FINAL HEARING.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit of trespass to try title instituted by appellee against S. A. Baker and her husband J. T. Baker, and others and the heirs of R. B. Tutt, deceased. The defendant S. A. Baker was formerly the wife of W. G. Tutt, and after the death of W. G. Tutt she intermarried with the defendant J. T. Baker. The other defendants are the brothers and sisters of W. G. Tutt and their descendants.

The cause was tried by the court without a jury, and judgment rendered for plaintiff. An appeal has been prosecuted by certain of the defendants; and upon motion to dismiss the appeal, this court at a former day of the term sustained the motion in part, and the appeal was dismissed as to all parties appellant except Maud Holt, a minor, who is represented by her guardian ad litem, A. L. Love.

The land was entered by A. Raimer under the Act of November 12, 1866, and was patented to him October 23, 1873. On September 8, 1873, A. Raimer and wife sold and conveyed the land involved in this suit—about thirty-five acres—to W. G. Tutt. W. G. Tutt took possession of the land in 1888 or 1889 and improved it, and died in 1893. His widow continued in possession, and she and her husband were in possession up to the time of the trial of this cause. This is the second appeal of this case, and for a fuller statement of the case and opinion on the former appeal, see 40 Southwestern Reporter, 27, 28.

The appellant challenges the sufficiency and validity of the conveyance from A. Raimer and wife to W. G. Tutt. Upon the former appeal this court held that the conveyance from A. Raimer and wife to W. G. Tutt was sufficient to pass the legal title to the land to W. G. Tutt. This holding we now adhere to, and do not think it necessary to add to what was said in reference to this conveyance on the former appeal.

The appellant next contends that the appellee failed to prove title to himself; and at most, the evidence shows he only had an equitable title, and that he can not enforce the same because it is a stale demand.

Appellee introduced in evidence, and relied upon, the following transfers:

(1) The deed of conveyance from A. Raimer and wife to W. G. Tutt, above referred to.

(2) A transfer indorsed on the back of said conveyance, as follows: "I transfer the within bond to J. C. Cooper, to take deed in his (J. C. Cooper's) name. Given under my hand and seal, May 27, 1875. W. G. Tutt. Witnesses: T. L. Morgan, E. Morgan."

(3) A second transfer indorsed on the back of said deed from Raimer and wife to W. G. Tutt, as follows: "I transfer this in bond to W. W. Morgan for the consideration of one *poney pade* to me this day in hand. This the 25th day of March, 1890. J. C. Cooper, Hamilton County, Texas; M. Cooper. Witnesses: Peter Cooper, E. Morgan."

The execution of these transfers was duly proven by E. Morgan, who was a subscribing witness to each of them. The evidence further developed that these several conveyances were deliverd to W. W. Morgan, and that he claimed the land by virtue of the same.

Do these facts show title in W. W. Morgan to the land? If so, then the doctrine of stale demand has no application to this case.

Appellant contends that the transfer from W. G. Tutt to J. C. Cooper does not purport to have been made for a consideration. It is true that the transfer does not recite a consideration; but the evidence discloses, and the court found, that Tutt was paid a valuable consideration for the land and for said transfer. It has been held that it is not necessary to the validity of a deed that it shall recite a consideration. Baker v. Walcott, 73 Texas, 129. If then this transfer is sufficient to convey the title to the land, or is a deed, the fact that it does not recite a consideration paid can not avail appellant. The inquiry arises, did this transfer from Tutt to Cooper indorsed on the back of the deed from Raimer and wife to W. G. Tutt, and the delivery of the deed and transfer to J. C. Cooper, convey the title to him?

In the case of Harlowe v. Hudgins, 84 Texas, 107, the Supreme Court was called upon to construe a transfer reading as follows:

"Assignment.—I *assine* the within to Elizabeth Graham for value received of her, the sum of fourteen hundred and sixty-three dollars and thirty-three cents. This April 11th, 1843. J. M. Graham. Test: Jacob Barnes, N. D. Graham."

In speaking of this transfer the court uses the following language: "If it be true that this instrument refers to the deed executed by James Stephens to Graham, or was written and indorsed on the deed, then the words 'I assign the within' are effectual not only to pass the title to the paper upon which the deed from Stephens to Graham was written, but also to pass the title to the land described in the deed."

In the case before us the conveyance reads, "I transfer the within bond to J. C. Cooper," etc. It was written on the back of the deed from Raimer and wife to Tutt. It is evident from this transfer that it was the intention to convey the land described in the deed. The evidence shows, and the trial court found, that such was the intention. It is true the transfer calls the deed from Raimer and wife to Tutt a *bond*, but this

did not change its real character, or make a deed, in fact, a bond for title. We conclude that the transfer by W. G. Tutt to J. C. Cooper, indorsed on the back of the deed from Raimer and wife to W. G. Tutt, was effectual to convey the title of W. G. Tutt to the land described in said deed to said Cooper. Harlowe v. Hudgins, supra; Baker v. Walcott, 73 Texas, 129; Threadgill v. Bickerstaff, 26 S. W. Rep., 740; Stanley v. Hamilton, 33 S. W. Rep., 607; Abernathy v. Stone, 81 Texas, 430.

The above remarks will apply to both transfers on the back of said deed. But an additional objection is made to the transfer to the appellee W. W. Morgan—that it appears to have been scratched out.

The execution of this transfer was duly proven; the consideration and the delivery of the same to Morgan, and that he claimed the title to the property by virtue thereof. There is no pleading nor evidence that this transfer had been annulled, except such inference as might arise from these pen scratches. The transfer was intelligible and could be read, notwithstanding the pen scratches through it. We think it was properly admitted in evidence. We conclude, then, that by virtue of the transfers on the back of the deed from Raimer and wife to W. G. Tutt, the title to the land therein described vested in W. W. Morgan; and that the doctrine of stale demand does not apply.

We overrule appellant's fifth and sixth assignments of error, for the reasons set out in the opinion on the former appeal of this cause. See 40 S. W. Rep., 27.

In reference to appellant's seventh assignment of error; if there was error in admitting the deed from A. Raimer and wife to W. W. Morgan, dated April 19, 1890, it was harmless, as plaintiff had previously proved title to the land. Nor does the record show that appellant excepted to the introduction of this deed.

The eighth, ninth, tenth, and eleventh assignments of error relate to and complain of the judgment in favor of plaintiffs for rents. It is admitted that the personal judgment for rents has been settled, and hence we decline to pass upon these assignments.

The twelfth assignment of error complains of the action of the court in not rendering judgment against the plaintiff for the attorney's fees allowed by the court to the guardian ad litem appointed by the court to represent the minor Maud Holt.

One of the defendants being a minor, the court appointed A. L. Love guardian ad litem to represent her, and allowed him a fee of $50 for his services, and the same was taxed as a part of the costs against defendants. The statute requires the fee of the guardian ad litem to be taxed as costs. Sayles' Civ. Stats., art. 1211. Another statute requires the costs to be taxed against the losing party. Sayles' Civ. Stats., art. 1425. The costs in this case are so taxed. There was no motion to retax the costs made by appellants, and in the absence of such a motion this court will not revise the action of the trial court. Bridges v. Samuelson, 73 Texas, 522.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*