Martine **LEE**, Sr., and Louvenia Lee,
next friends of Martine Lee, Jr.,
Relators,

v.

James A. **McKAY**, Jr., District Judge et al.,
Respondents.

No. 14603.

Court of Civil Appeals of Texas.

San Antonio.

April 5, 1967.

Rehearing Denied May 10, 1967.

Evans & Marshall, San Antonio, for relators.

Miles Johnson, Asst. Dist. Atty., San Antonio, for respondents.

CADENA, Justice.

This is an original application for writ of mandamus filed by Martine Lee, Sr., and wife, Louvenia Lee, as next friends of their minor son, Martine Lee, Jr., who has been adjudged a delinquent child under the provisions of Art. 2338–1, Vernon's Ann.Civ. St. (1964), and who has been committed to the State School for Boys at Gatesville. Respondents are the Honorable James A. McKay, Jr., Judge of the District Court, 150th Judicial District, in Bexar County,

sitting as a Juvenile Court, Elton R. Cude, Clerk of the District Courts of Bexar County, and Harriet Tringle, court reporter for the 150th Judicial District Court. The purpose of the application is to compel said Clerk and court reporter to furnish, without cost, a transcript and statement of facts, although no appeal bond or deposit in lieu thereof has been filed, so that review may be had of the judgment rendered by Judge McKay revoking the probation of the minor and ordering him committed to the State School for Boys.

On May 14, 1966, the Juvenile Court entered an order declaring the minor to be a delinquent child and ordering him committed to the custody of the Texas Youth Council. However, such commitment was suspended and the child was placed on probation. On November 22, 1966, the Criminal District Attorney of Bexar County filed a petition seeking revocation of such probation. On December 22, 1966, Mr. and Mrs. Lee, as next friends of the minor, filed a petition praying that the judgment of May 14, 1966, be set aside and that the petition for revocation of probation be abated until the question of delinquency should be retried on its merits. On December 28, the Juvenile Court entered judgment denying the petition that the judgment of May 14, 1966, be set aside, revoking the probation of the minor and ordering him committed to the State School for Boys. No guardian ad litem was appointed to represent the interests of the minor, but the judgment reflects that his parents were present in the courtroom during the hearing which resulted in the judgment of December 28, 1966. Notice of appeal was given on December 29, 1966.

Under the provisions of Rule 385, Texas Rules of Civil Procedure, the time for filing a transcript and statement of facts in this Court expired on Monday, February 27, 1967, but this Court granted a motion, timely filed, to extend the time for such filing for a period of thirty days.

It is undisputed that no appeal bond or deposit in lieu thereof has been filed within thirty days after the rendition of the judgment, as required by Rule 356, T.R. C.P.

■ Except for the fact that notice of appeal from a judgment rendered in a delinquency proceeding must be filed within five days after entry of the judgment, Sec. 21 of Art. 2338–1 provides that appeals from such judgments "may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases." It is clear that, despite the "last antecedent" rule of statutory construction, the qualifying phrase, "as in other civil cases," cannot be held applicable only to the clause, "and the case may be carried to the Supreme Court by writ of error or upon certificate." If the qualifying phrase is restricted in application to the last antecedent to which it may properly be applied, the result would be that the statute provides for appeals to the Court of Civil Appeals without specifying the rules governing such appeals. Clearly, then, "as in other civil cases" must be held applicable to appeals from Juvenile Courts to the Court of Civil Appeals, and, in determining whether an appeal bond or deposit in lieu thereof is required, we must look to the statutes and Rules of Civil Procedure governing appeals in civil cases.

■ Rule 44, T.R.C.P., provides that where a minor appears by next friend, such next friend must give security for costs or file an affidavit of inability to do so. However, as is evident from the express language of such rule, it is applicable only to cases where the minor appears as the plaintiff in a civil proceeding. A minor who stands before the bar of a Juvenile Court in a proceeding which may result in placing restraints upon his liberty and his actual physical detention, finds himself in a position which resembles that of a defendant much more than it resembles that

of a plaintiff. Under Rule 173, T.R.C.P., when a minor is a defendant and has no guardian within this State, the court must appoint a guardian ad litem to represent the minor's interests. In such cases, it is error for the trial court to enter judgment against the minor without appointing a guardian ad litem. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567 (1899); Jaynes v. Lee, 306 S.W.2d 182 (Tex.Civ.App., 1957, no writ).

Throughout the country, proceedings in juvenile courts are marked by an air of informality. Studies reveal that attorneys participate in no more than 5% of the cases. This informality is defended not only by labelling the delinquency proceeding a "civil" proceeding,[1] but also by insisting that the juvenile court has as its purpose the meeting of the child's "needs" and the serving of his "best interests," rather than punishing him. That is, the purpose of the proceeding is to do something "for" the child, not "to" him.

■ It has been held that where the child's parents are present during the proceedings in a juvenile court, the appointment of a guardian ad litem to represent the interests of the minor is not required. In re Gonzalez, Tex.Civ.App., 328 S.W.2d 475. This conclusion, which was reached without discussing Rule 173, T.R.C.P., is based on the fact that Art. 2338–1 contains no language requiring the appointment of a guardian. However, it must be noted that the statute contains no language dispensing with the necessity for such appointment. Nor does the Gonzalez decision stand for the proposition that, in the absence of the parents or of some adult appearing to protect the interests of the child, the court could proceed without the appointment of a guardian ad litem. To hold that a child who stands before a juvenile court alone is not entitled to the protection of Rule 173 would be to say that the statute deprives him of a valuable right in exchange for a promise of treatment or education rather than punishment. See Glucek, Some "Unfinished Business" in the Management of Juvenile Delinquents, 15 Syracuse L.Rev. 628–40 (1964).

■ Sec. 9 of Art. 2338–1 requires the personal service of summons on the parent, guardian or person having custody of the child. Certainly, the reason for this requirement is that the person served is expected to participate in the proceedings in some meaningful way. Paulsen, Juvenile Courts, Family Courts and the Poor Man,

---

[1]. "Courts have held this proceeding to be a civil, and not a criminal, proceeding having as its purpose to protect the dependent or delinquent child at the most critical time of his life, and is not intended to convict and punish juveniles, but to guide and direct them. The judicial or legal concept here, therefore, is a matter of civil construction, rather than the concept or rules governing crimes and criminal trials." In re Gonzalez, 328 S.W.2d 475, 477 (Tex.Civ.App., 1959, writ ref'd n.r.e.) Courts have permitted legislatures to classify juvenile proceedings as "civil" rather than "criminal" because the objectives of the court were rehabilitative and protective, designed to educate rather than to punish. Paulsen, Kent v. United States: The Constitutional Context of Juvenile Cases, 1966 Sup.Ct.Rev. 167, 168. The following language from the opinion of Mr. Justice Fortas in Kent v. United States, 383 U.S. 541, 555–556, 86 S.Ct. 1045, 1054, 16 L.Ed.2d 84 (1966), has caused some concern among supporters of present procedures in juvenile courts: "While there can be no doubt of the original laudable purpose of juvenile courts, studies and critiques in recent years raise serious questions as to whether actual performance measures well enough against theoretical purpose to make tolerable the immunity of the process from the reach of constitutional guaranties applicable to adults. There is much evidence that some juvenile courts * * * lack the personnel, facilities and techniques to perform adequately as representatives of the State in a *parens patriae* capacity, at least with respect to children charged with law violation. There is evidence, in fact, that there may be grounds for concern that the child receives the worst of both worlds: that he gets neither the protections accorded to adults nor the solicitous care and regenerative treatment postulated for children."

54 Calif.L.Rev. 694, 704 (1966). The holding in Gonzalez must be limited to cases where the parents or guardian are present, and this holding can only be based on the notion that the presence of such persons will afford the child the same degree of protection as would result from the appointment of a guardian ad litem. This assumption can be valid only if the parents, who were present in this case, have the same rights and obligations as those extended to and imposed on guardians. Under Article 2276, Vernon's Ann.Civ.St. (1964), a guardian ad litem appointed to represent a minor in a civil proceeding may appeal without filing an appeal bond. King v. Payne, 156 Tex. 105, 292 S.W.2d 331 (1956). Unless this same right is afforded to the parents of a minor in a proceeding under Article 2338–1, the assumption which forms the only basis for the Gonzalez decision is false, and we must be prepared to hold that Article 2338–1, which bristles with language expressing tender solicitude for the minor, has the effect of depriving him of a right which would be his if he were being sued for damages resulting from the very act which has brought him to the attention of the juvenile court in a proceeding which may result in his "detention" in a "school" for a period which may extend until his 21st birthday.

We hold that relators have the right, on behalf of the minor, to appeal from the judgment of the Juvenile Court of Bexar County to this Court without filing an appeal bond. Cf. In re Brown, 201 S.W.2d 844 (Tex.Civ.App., 1947, writ ref'd n. r. e.).

The application for writ of mandamus, insofar as the District Clerk and the court reporter are concerned, is granted. Elton R. Cude, District Clerk of Bexar County, Texas, is hereby ordered to prepare a transcript, as requested, on behalf of the minor Martine Lee, Jr., in this case, without charging therefor. Harriet Tringle, court reporter for the District Court, 150th Judicial District of Bexar County, is hereby ordered to prepare a statement of facts, as requested, on behalf of said minor, Martine Lee, Jr., without charge therefor. There being no reason to believe that said District Clerk and court reporter will refuse to comply with the orders of this Court, it is directed that the writ of mandamus not issue and be served upon them, unless they refuse to comply with this order.

We know of no action which the Honorable James A. McKay, Judge of the District Court, 150th Judicial District of Bexar County, Texas, need perform in connection with the preparation of the transcript and statement of facts. Therefore, the application for writ of mandamus, insofar as the respondent Honorable James A. McKay is concerned, is denied.