**George Rivera SANTANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 7784.**

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1968.

Rehearing Denied July 29, 1968.

Brock, Wright, Waters & Galey, William T. Kirk, Jr., Lubbock, for appellant.

Fred West, County Atty., Jack Layne, Asst. County Atty., Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from an order entered by the 99th District Court of Lubbock County, sitting as a Juvenile Court, pursuant to Article 2338–1, Vernon's Ann.Tex. St. declaring appellant, a male fourteen years of age, a juvenile delinquent and committing him to the custody of the Texas Youth Council. Trial was before a jury.

On December 13, 1966 a petition was filed by the Lubbock County Attorney charging Santana with assault with intent to rape. A first amended petition was filed January 13, 1967 charging the same offense to have been committed on December 8, 1966 rather than on December 12, 1966. A second amended petition was filed January 17, 1967 charging the same offense but alleging in more particular the county in

which the alleged offense was committed. No question is raised as to the service of these petitions on the parties hereto. On February 2, 1967, the date the trial was had, a "Second Amended Original Petition" was filed charging appellant with the offense of rape. This is the pleading upon which the trial was held. In response to two special issues submitted, the jury found Santana guilty of rape, found him to be a delinquent child as defined in the court's charge to the jury.

Appellant's first point of error raises the question whether in a delinquency proceeding the continued use of the standard of proof by a preponderance of the evidence is permissible rather than beyond a reasonable doubt in view of the opinion of the United States Supreme Court in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967). It is appellant's contention the thrust of *Gault* in requiring the safeguards of notice of charges; right to counsel; right to confrontation and cross-examination and the privilege against self-incrimination requires the state to prove the elements of the crime charged in a delinquency proceeding beyond a reasonable doubt. His position is the refusal to require this quantum of proof is a denial of the due process of law. The decision in *Gault* did not directly pass upon this question of the degree of the burden of proof required in juvenile cases.

Since the enactment of the Juvenile Act, Article 2338–1, in 1943, the Texas courts have uniformly held that juvenile proceedings were to be conducted under the rules established for civil cases. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Steed v. State, 143 Tex. 82, 183 S.W.2d 458; State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463. The Juvenile Act makes no reference to the standard of proof required in delinquency cases. However, in accordance with the philosophy of the Juvenile Act, and in view of the established premises these proceedings were to be conducted as a civil proceeding rather than a criminal proceeding, our courts have con-

sistently held the state was only required to prove the act of delinquency by a preponderance of the evidence. State v. Ferrell (Tex.Civ.App.) 209 S.W.2d 642 (Ref. N.R.E.); Cantu v. State (Tex.Civ.App.) 207 S.W.2d 901; Robinson v. State (Tex. Civ.App.) 204 S.W.2d 981.

■ The purposes and basic philosophy of the Texas Juvenile Act has coincided with the general concept of juvenile proceedings in all states. The idea of crime and punishment was abandoned and the child was to be rehabilitated in his own interest and in the interest of society. The basic philosophy has prevailed in practically every state jurisdiction until the United States Supreme Court handed down Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84. There the court considered the requirements for a valid waiver of the exclusive jurisdiction of the Juvenile Court of the District of Columbia in order that a juvenile could be tried in the District Court as an adult. The court held it was necessary that "the basic requirements of due process and fairness" be satisfied in considering the validity of such waivers of jurisdiction. The *Kent* decision was limited to a construction of the District of Columbia statute until the Supreme Court extended this holding to all juvenile proceedings. In re Gault, supra. As Mr. Justice Fortas said in *Gault*: " * * * while these cases relate only to restricted aspects of the subject, they unmistakably indicate that, whatever may be their precise impact, neither the Fourteenth Amendment nor the Bill of Rights is for adults alone". The court then held the essential elements of due process require that a juvenile proceeding must include notice of charges; the right to counsel; the privilege against self-incrimination and the right to confrontation and cross-examination of the witnesses. The court deemed there elements "critically important". Aside from the appellant's contention here that he did not have adequate notice of the charges against him, there is no contention the rights above required were not met in this case. As noted above,

the *Gault* decision did not pass directly upon the exact question presented here, to-wit: the quantum of proof required to validate a finding of delinquency. There the court used the following language in limiting the application of its decision:

> "We do not in this opinion consider the impact of these constitutional provisions upon the totality of the relationship of the juvenile and the state. We do not even consider the entire process relating to juvenile 'delinquents'. For example, we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process, nor do we direct our attention to the post-adjudicative or dispositional process. See note 48, infra. We consider only the problems presented to us by this case. These relate to the proceedings by which a determination is made as to whether a juvenile is a 'delinquent' as a result of alleged misconduct on his part, with the consequence that he may be committed to a state institution. As to these proceedings, there appears to be little current dissent from the proposition that the Due Process Clause has a role to play."

The elements of due process required by that decision all deal with the "proceedings" or hearing where a "determination is made as to whether a juvenile is a 'delinquent' as a result of alleged misconduct on his part". The quantum of proof required to make a "determination" of the alleged delinquency is a vital element of that proceeding. Although the court specifically considered "only the problems presented to us by this case" we conclude the underlying reasoning of *Gault* logically requires that a determination of delinquency is valid only when the facts of delinquency are proved beyond a reasonable doubt rather than by a preponderance of the evidence as now required by the present Texas decisions. We believe this is the clear and unmistaken effect of that decision. In so holding, we are in agreement with the interpretation of the *Gault* case

by the Supreme Court of Illinois in In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716. There the court held:

> " * * * it would seem that the reasons which caused the Supreme Court to import the constitutional requirements of an adversary criminal trial into delinquency hearings logically require that a finding of delinquency for misconduct, which would be criminal if charged against an adult, is valid only when the acts of delinquency are proved beyond a reasonable doubt to have been committed by the juvenile charged."

> "We need not be reminded that the *Gault* decision did not pass upon the precise question of the quantum of proof that must be shown to validate a finding of delinquency. We believe, however, that the language of that opinion exhibits a spirit that transcends the specific issues there involved, and that, in view thereof, it would not be consonant with due process or equal protection to grant allegedly delinquent juveniles the same procedural rights that protect adults charged with crimes, while depriving these rights of their full efficacy by allowing a finding of delinquency upon a lesser standard of proof than that required to sustain a criminal conviction. Since the same or even greater curtailment of freedom may attach to a finding of delinquency than results from a criminal conviction, we cannot say that it is constitutionally permissible to deprive the minor of the benefit of the standard of proof distilled by centuries of experience as a safeguard for adults."

■ We therefore conclude, for the reasons herein stated, the appellant, having been proved delinquent by a preponderance of the evidence, was denied due process and equal protection guaranteed by the Fourteenth Amendment.

In view of our disposition of this case, it is not deemed necessary to consider appellant's other contention that he did not receive adequate notice of the charges

against him, since it is unlikely the question would arise in a retrial. It is to be noted, however, the Supreme Court in *Gault* clearly sets out the requirements of "notices of charges" in the following language:

"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'"

The record before us does raise the issue of waiver, however we do not believe it advisable, in view of a retrial, to discuss this aspect of the case.

The judgment of the trial court is reversed and the case is remanded to the District Court, sitting as a Juvenile Court, for a new trial.