Thomas BRENAN et al., Relators,

v.

**COURT OF CIVIL APPEALS, FOUR-
TEENTH DISTRICT et al.,
Respondents.**

**No. B–805.**

Supreme Court of Texas.

Dec. 4, 1968.

Rehearing Denied March 12, 1969.

Carol S. Vance. Dist. Atty., Nickolas Barrera, Asst. Dist. Atty., Houston. Joe Resweber, County Atty., A. B. Crowther, Jr., Asst. County Atty., Houston, for relators.

Richard E. Kammerman, Houston for respondents.

GRIFFIN, Justice.

This is an original petition for writ of mandamus filed in this Court by Thomas Brenan, Court Reporter for the Juvenile Court of Harris County, Texas, and William Ray Hardy, District Clerk of Harris County, Texas, as relators, against Johnny Hernandez, a delinquent minor, his parents, Manuel Hernandez and Mary Hernandez, and the three judges of the 14th Court of

Civil Appeals at Houston, Texas, as respondents.

The background of this case is as follows: On November 21, 1967, Johnny Hernandez, a minor, was adjudged a juvenile delinquent by the Juvenile Court of Harris County, Texas, and he was committed to the custody of the Texas Youth Council, which sent him to its Gatesville institution for rehabilitation and training of such juvenile delinquents. Johnny was represented by Houston Legal Foundation counsel, and his father and mother were present at the hearing. Notice of appeal was timely filed. On December 4, 1967, counsel for the Hernandez family filed an affidavit of inability to pay court costs, as provided by Rule 355, Texas Rules of Civil Procedure. On December 27, 1967, William Ray Hardy, the Clerk of the District Courts of Harris County, Texas, filed his contest to the Hernandez affidavit, and on January 2, 1968, Thomas Brenan, the court reporter, filed his contest to such pauper's affidavit. The pauper's affidavit and contest were heard January 10, 1968, and the trial court sustained the contest of the pauper's affidavit. The Hernandez parents, as next friends of Johnny, filed an original application for writ of mandamus in the 14th Court of Civil Appeals at Houston, Texas, against Ray Hardy, as district clerk, Thomas Brenan, the official court reporter, and Robert Lowry, Judge of the Juvenile Court. The Court of Civil Appeals on March 6, 1968, in a per curiam opinion, Hernandez v. Hardy, 426 S.W.2d 258, granted the mandamus against Hardy and Brenan only, but refused the mandamus against Judge Lowry. The court said: "We are of the opinion that Lee v. McKay, Tex.Civ.App., 414 S.W.2d 956, writ of error dismissed, and In re Brown, Tex.Civ.App., 201 S.W.2d 844, error refused, n. r. e., are controlling in this matter and that the parents of the delinquent minor are entitled, as a matter of law, to perfect their appeal and to be furnished with a transcript and statement of facts in connection therewith without paying the costs thereof."

Brenan and Hardy thereafter filed in this Court their original application for writ of mandamus against the Hernandez family and the judges of the 14th Court of Civil Appeals, asking that we order the Court of Civil Appeals to rescind its order of March 6, 1968.

This is not an appeal either from the trial court's order sustaining the contest to the pauper's affidavit and denying right of appeal by the Hernandez' upon a pauper's oath or from the Court of Civil Appeals order of March 6, 1968, granting the writ of mandamus. The case before us is an original mandamus proceeding. Therefore, the question before this Court is correctly stated by respondents in their reply brief and is: "Thus, this case presents to this Court the crucial issue of whether a juvenile, as a matter of law, has a right to appeal from a decision of delinquency without payment of costs."

Rule 354, Texas Rules of Civil Procedure, requires that the appellant shall execute a bond or make a cash deposit with the clerk in lieu of a bond. Rule 355 provides that when the appellant is unable to pay the costs of appeal or give security therefor, he may prosecute his appeal by filing his affidavit stating such fact. This rule also provides for contest of the affidavit on the part of certain officers of the court or a party to the suit and for a hearing on such contest.

The only parties exempt from making bond other than paupers are those set out in the statutes of this State. Art. 2276, Vernon's Ann.Civ.St., pertinent to this cause, reads as follows:

"Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

This statute contains no exemption in favor of "next friends" of a minor nor of a minor himself.

Relators contend that the Hernandez father and mother appear herein as next friend of their minor son, Johnny Hernandez, and therefore Rule 44, Texas Rules of Civil Procedure, requires that they give security for costs or affidavit in lieu thereof. Rule 44, by its wording and court construction, applies only to situations where the minor is a plaintiff. Johnny Hernandez was a defendant in the juvenile delinquency hearing, and therefore Rule 44 has no application to this case. Lee v. McKay (Tex. Civ.App., 1967), 414 S.W.2d 956, 957, writ dismissed, w. o. j.

Only "guardians appointed by the courts of this State" are exempt from giving bond on an appeal taken by them in their fiduciary capacity. Art. 2276. So far as this record shows, the Hernandez parents were, and are, not guardians appointed by any court of this State.

Respondents rely upon the case of In re Brown (Tex.Civ.App., 1947), 201 S.W.2d 844, writ refused, n. r. e., as authority that a minor who has been adjudged a juvenile delinquent can appeal from this adjudication merely by giving notice, and is not required to file an appeal bond or a pauper's affidavit. The Court of Civil Appeals in that opinion reasoned that such appeals were governed by Sec. 21 of Art. 2338–1, Vernon's Civil Statutes. The reasoning of the court is set forth in the following quotation from that opinion:

"* * * The Act itself gives any party interested the right of appeal and makes no provision for an appeal bond or affidavit in lieu thereof, but says the Act shall be liberally construed. Considering the Act in its entirety and the purpose for which it was enacted, we do not believe that it was the intention of the legislature that a bond or affidavit in lieu thereof should be required as a prerequisite to his right of appeal. * *"

The Act in Sec. 21 specifically provides that an appeal may be taken "as in other civil cases." It is well settled that proceedings instituted under the Juvenile Act are governed, as far as practicable, by the rules relating to civil procedure and are civil in nature. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 274, 275 (1944), 151 A.L.R. 1217; Steed v. State, 143 Tex. 82, 183 S.W.2d 458 (1944). The Rules of Civil Procedure nowhere exempt parents, next friends, or minors from the requirement of giving an appeal bond or a pauper's affidavit in lieu thereof in addition to the notice of appeal. Therefore, no appeal may be perfected by a minor, etc., without complying with Rules 354, 355, Texas Rules of Civil Procedure.

Respondents also rely on the case of Lee v. McKay (Tex.Civ.App., 1967), 414 S.W. 2d 956, writ dismissed, w. o. j., which squarely supports their contention that a minor or his next friend may appeal by giving notice of appeal only and is not required to file an appeal bond or pauper's affidavit. The authority relied upon in McKay for such holding was In re Brown, supra. We have pointed out above the error of the reasoning in the Brown case. In Brown, as far as the record shows, there was no next friend or guardian ad litem representing the juvenile, although he was represented on appeal by an attorney.

The San Antonio court in McKay also relied on the case of In re Gonzalez (Tex. Civ.App., 1959), 328 S.W.2d 475, writ refused, n. r. e. Gonzalez held that the appointment of a guardian ad litem to represent a juvenile was not necessary when his parents were present in court during the trial. This was an appeal from the judgment of the trial court, and no question as to the validity of the appeal was raised by any of the parties nor decided by the court. Gonzalez held that it was not necessary for the court to appoint a guardian ad litem for a juvenile delinquent defendant when his parents were present at the trial. Gonzalez did not hold that the parents or the juvenile delinquent were entitled to appeal without an appeal bond or an affidavit of

inability to pay costs. No such question was before the court for its decision.

The San Antonio court in McKay reasoned that in view of the Gonzalez holding, it must follow that the parents of a minor, appearing as next friends for the minor, should have all the rights of a guardian ad litem and can appeal by only giving notice of appeal. Such holding is contrary to the provisions of Rules 44, 354, 355, and Art. 2276, Vernon's Ann.Civ.St. In re Gonzalez did not involve the rights of appeal from an adjudication of a minor as a juvenile delinquent, but had to do with Rule 173 and the necessity to appoint a guardian ad litem to represent the minor. The holding in that case is in no wise relevant to the issue before us, nor before the San Antonio Court of Civil Appeals. The cases of In re Brown, supra, and Lee v. McKay, supra, are disapproved in so far as their holding is in conflict with this opinion.

■ Rule 173, Texas Rules of Civil Procedure, provides in part: "When a minor * * * may be a defendant to a suit * * * the court shall appoint a guardian ad litem for such person * * *." This rule has application to a juvenile delinquency proceeding where a minor is a defendant. However, no complaint is made in this mandamus proceeding of the failure of the trial court to appoint a guardian ad litem to represent Johnny Hernandez and no request made that we order such appointment. This question is not before us in this proceeding. See Newman v. King, Tex., 433 S.W.2d 420.

■ It follows from our holdings above that the relators are entitled to their writ of mandamus as prayed for.

We are sure the 14th Court of Civil Appeals will abide the result of this cause, and in accordance with our usual custom, the clerk will not issue the writ of mandamus at this time but only in the event the 14th Court of Civil Appeals should fail to take the action required by this decision.

## ON MOTION FOR REHEARING

REAVLEY, Justice.

Respondent argues on rehearing that the court's order is a deprivation of due process for Johnny Hernandez.

■ We have simply held that if this juvenile is financially able to do so, he must pay, or give security for, the costs of his appeal. We have disapproved the holding of Lee v. McKay (Tex.Civ.App.1967) 414 S.W.2d 956, writ dism. w. o. j., and held that neither the juvenile nor his parents come within Article 2276, Vernon's Ann.Civ.St.

■ It is agreed here that Johnny Hernandez has been represented by attorneys at every stage. The opinion of the Court of Civil Appeals states that the trial court sustained the contest of the pauper's oath. We must presume that the juvenile can pay the reporter and clerk. Therefore, we find no question of fairness or due process raised by the facts before us.

The Court of Civil Appeals has issued its mandamus to the reporter and clerk without regard to the ability to pay of the juvenile and his parents. We hold this action to be contrary to the law and order it rescinded. Our order does not foreclose further proceeding, by appeal or other method of review, embracing Johnny Hernandez's right of appeal without payment of costs if the record there were to be as stated by respondent's attorney when he says in his motion "that the statement of facts on the contest to the 'pauper's oath' reflects beyond any doubt that the Hernandez family are indigent."

Accordingly, respondent's motion for rehearing is overruled.

Dissenting Opinion by POPE, J., in which SMITH and STEAKLEY, JJ., join.

Concurring Opinion by GREENHILL, J., in which McGEE, J., joins.

## CONCURRING OPINION ON MOTION FOR REHEARING

GREENHILL, Justice (concurring).

It developed that there were before the 14th Court of Civil Appeals at Houston two problems: (1) whether Johnny Hernandez and his family were in fact paupers, and (2) even if they were not, whether Johnny Hernandez was nevertheless entitled to a free transcript and statement of facts. That court passed only upon the second question and held, in effect, that even if Hernandez were a millionaire, he was, because he was a minor, entitled to appeal without payment of costs or posting bond.

The case is before us by mandamus and not appeal; and the first question (whether Hernandez was in fact a pauper) was not brought to us. We are, therefore, without power to rule on it. We are, in a way, operating in a vacuum.

I think it is quite unfortunate that the 14th Court of Civil Appeals did not pass upon, or has not passed upon, the question of the ability of Johnny Hernandez and his family to pay costs. That problem really goes to the heart of the matter. From the oral argument, it was developed that there is a very serious question as to the poverty of Hernandez and his family.

I agree with the observation in the dissent in this case that most minors are without funds to pay the costs of an appeal. But the facts as to poverty or not were controverted in this case; and as stated, the record to sustain or reverse the action of the trial court in overruling the pauper's oath is not before us.

I concur with the result reached by the court: that all minors are not entitled to appeal juvenile proceedings just because they are minors and irrespective of their own or their family's ability to pay costs.

McGEE, J., joins in this opinion.

## DISSENTING OPINION ON MOTION FOR REHEARING

POPE, Justice (dissenting).

The former dissents by Justices Smith and Pope are withdrawn and this opinion is substituted for them. The Texas Juvenile Act governs males over the age of ten and under the age of seventeen. Art. 2338-1, Sec. 3. Johnny Hernandez was tried before the Juvenile Court in Harris County when he was sixteen years old, but our decision today applies equally to a child who is eleven years old. Hernandez was declared delinquent which means that he may be confined until he is twenty-one years old. The question before us is whether a minor defendant who does not have a guardian ad litem is entitled to obtain a free record of the proceedings in order to obtain an appeal.[1] I would grant him that right.

The court has today held that the juvenile must appeal in the manner required for an adult rather than the method permitted minors who have a guardian. Hernandez was the named defendant and he faced the charge leveled against him with-

1. "Rule 354. Cost Bond. The appellant shall execute a bond to be approved by the clerk, payable to the appellee in a sum at least double the probable amount of the costs in the trial court and the cost of the statement of facts and transcript, to be fixed by the clerk, less such sums as may have been paid by appellant on the costs, conditioned that appellant shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the trial court and the cost of the statement of facts and transcript. * * *." Texas Rules of Civil Procedure.

"Rule 355. Party Unable to Give Cost Bond. (a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor." Texas Rules of Civil Procedure.

out benefit of any adult who could officially act on his behalf in perfecting an appeal. He had counsel who have faithfully but fruitlessly endeavored to perfect an appeal. Hernandez, the minor, was in court without a guardian in what was a serious accusatorial and adversary proceeding. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 527 (1967). It was the kind of case in which the charge against him had to be established by competent evidence and beyond a reasonable doubt. Santana v. State of Texas, 431 S.W.2d 558 (Tex. Civ.App. 1968, writ ref.).

Our former decisions settle the rule that a juvenile charged in Juvenile Court is entitled, at least, to the rights of minors who are defendants in civil actions. They are entitled to the rights accorded other minors by the Texas Rules of Civil Procedure. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 274, 275, 151 A.L.R. 1217 (1944). I cannot believe that any court, in a civil suit which involved a minor's property and in which the minor was the sole named defendant, would permit the trial to proceed to judgment without the appointment of a guardian ad litem. Rule 173, T.R.C.P., in speaking of minors who are defendants in civil actions, is clear in its mandate that a guardian must be appointed for a child who is a defendant in a civil action.

"When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian within this State, * * * the court shall appoint a guardian ad litem for such person and shall allow his [him] a reasonable fee for his services to be taxed as a part of the costs."

It is no answer to say that Hernandez had an attorney from the Houston Legal Foundation. The powers and functions of an attorney are different from those of a guardian. In Tutt's Heirs v. Morgan, 18 Tex.Civ.App. 627, 42 S.W. 578 (1897, no writ) it was held that the right of a guardian to appeal without bond could not be exercised by an attorney appointed for minors. It is no answer to say that the minor's parents were present in court. No doubt they did the best they could, but in law, they were volunteers. They were not parties; they were clothed with no legal powers. It may be that the delinquency stemmed from conflicts between the parents and the child. In any event the reasoning in Lee v. McKay, 414 S.W.2d 956 (Tex.Civ.App.1967, writ dism.) is sound in saying:

"Sec. 9 of Art. 2338–1 requires the personal service of summons on the parent, guardian or person having custody of the child. Certainly, the reason for this requirement is that the person served is expected to participate in the proceedings in some meaningful way. Paulsen, Juvenile Courts, Family Courts and the Poor Man, 54 Calif.L.Rev. 694, 704 (1966). The holding in Gonzalez must be limited to cases where the parents or guardian are present, and this holding can only be based on the notion that the presence of such persons will afford the child the same degree of protection as would result from the appointment of a guardian ad litem. This assumption can be vaild only if the parents, who were present in this case, have the same rights and obligations as those extended to and imposed on guardians. Under Article 2276, Vernon's Ann. Civ.St. (1964), a guardian ad litem appointed to represent a minor in a civil proceeding may appeal without filing an appeal bond. King v. Payne, 156 Tex. 105, 292 S.W.2d 331 (1956). Unless this same right is afforded to the parents of a minor in a proceeding under Article 2338–1, the assumption which forms the only basis for the Gonzalez decision is false, and we must be prepared to hold that Article 2338–1, which bristles with language expressing tender solicitude for the minor, has the effect of depriving him of a right which would be his if he were being sued for damages resulting from the very act which has brought

him to the attention of the juvenile court in a proceeding which may result in his 'detention' in a 'school' for a period which may extend until his 21st birthday."

Minors, in other civil actions, have the benefit of a guardian ad litem and the powers which a guardian only can exercise. It has long been held to be error to deprive a minor defendant of a guardian in a civil action. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567 (1899). Nothing in the Juvenile Act suggests that minors in delinquency proceedings should receive less favorable treatment than other minors. The Act rather forcefully says otherwise. The Title of Article 2338–1 says that the purpose of the Act is "to change the method for handling delinquent children from the present criminal procedure to *guardianship* * * *." Section 1 of the Act makes children in such proceedings wards of the state. The Act declares that such children are "entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them." Section 2 of the Act says that the "Act shall be liberally construed to accomplish the purpose herein sought." To this time, Hernandez has been a statutory "ward" without a guardian. The statutory boast of the State's guardianship, in reality was an action against Hernandez without a guardian who can act. The action ended in a judgment of the committing court which the minor can not have reviewed the same as other minors, and the reason given for this result is that Hernandez did *not* have a guardian. This "ward" of the state has been met in the Juvenile Court and two appellate courts by the combined forces of the State through the staffs of the District and County attorneys' offices of Harris County who still resist his claim or right to have a guardian with the consequent right to perfect his appeal and to obtain a review without a bond or an affidavit in lieu of bond.

Ironically, the argument against Hernandez is: The minor was not entitled to the appointment of a guardian because his parents were in court; but his parents, not having been appointed guardians by the court, did not have the rights accorded guardians by Article 2276. The force of the majority opinion is that by denying the juvenile the right to a guardian, he lost a second right too. The Texas law is settled that a guardian for a minor rich or poor, has the statutory right to appeal without bond or making proof of poverty. King v. Payne, 156 Tex. 105, 292 S.W.2d 331 (1956). Article 2276, Vern.Tex.Civ.Stats., is clear in its exemptions of executors, administrators and guardians from giving bond on appeal:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

"Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

It is conceded that, had the court named a guardian ad litem for Hernandez, he could have perfected his appeal without making a cost bond at all. King v. Payne, supra. There would have been no need to make an affidavit of inability to pay in lieu of cost bond. Some years ago, this court explained the reasons for the exemptions from costs of guardians who appeal on behalf of their wards. Schonfield v. Turner, 6 S.W. 628 (Tex.1887) stated that a guardian ad litem is appointed for minors to protect the infant's interest. The court wrote: "To hold that an appeal could not be thus taken by a guardian ad litem would operate as a great hardship upon the minor. He would be de-

prived altogether of the privilege of an appeal, except in cases where he had been represented by a guardian appointed by the probate court, or by a next friend. He cannot give a bond himself that will bind his estate. He might be an infant of tender years, who could not look after his own interests, or procure sureties to assume the burden of the appeal for him. The guardian ad litem cannot be expected to give bond, and thereby become personally responsible in a matter in which his interest is only fiduciary."

Some concern has been expressed that rich juveniles might get a free appeal when they could afford to pay for a record. Juveniles, in trouble, are not notoriously persons of affluence. Our concern about a possible appeal by an undeserving rich minor was apparently of slight concern to the Legislature when, in 1848 it first enacted what is now Article 2276, supra, to exempt executors and administrators as well as guardians. Executors and guardians are associated with properties and valuable interests and supposedly have the ability to pay costs. The reason for the statutory exemption is not one's inability to pay costs. The exemption from bond or an affidavit in lieu of bond, is justified by the fact that one is acting in a fiduciary capacity on behalf of a party who otherwise would probably be deprived of an appeal.

Spelled out, we have today held that an eleven year old child who is the sole defendant in a juvenile delinquency proceeding, can be put to trial without benefit of a guardian. Because he has no guardian, he cannot avail himself of the appellate steps accorded other minors in other civil actions. We have held that an eleven year old child who wishes a review of juvenile proceedings must locate two sureties, sureties who are willing to accept the eleven year old child as principal. The child must convince the clerk that he should approve the bond and, if the clerk declines, the child must be precocious enough to know that he can make an affidavit of his inability to pay. He must know also enough to swear that he cannot pay all "or any part" of the costs. If he omits, as he did in this case, the quoted part, his affidavit will be disallowed as the trial court did. These efforts to appeal are now firmly left to the minor unaided by a guardian. Our holding is that the law requires a minor to make a bond which no one will accept, and which is unenforceable because the minor is incompetent to bind his estate. To appeal, under the holding of the majority, the child must do that which the law says he cannot do.

The Juvenile Act expressly requires a juvenile to give notice of appeal, which Hernandez did. The Act is silent about a requirement of a bond or affidavit in lieu of bond. That result is derived by the majority from the Act's statement that the appeal may be taken "as in other civil cases." We are actually holding that the minor, in the case of an appeal, cannot appeal as other minors in other civil cases. He is instead, treated as an adult. Indeed " * * * there is no greater inequality than the equal treatment of unequals." Dennis v. United States, 339 U.S. 162, 184, 70 S.Ct. 519, 526, 94 L.Ed. 734 (1950). As expressed in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) " * * * there may be grounds for concern that the child receives the worst of both worlds; that he gets neither the protections accorded to adults nor the solicitude, care and regenerative treatment postulated for children."

Instead of our holding that the minor cannot appeal without bond or affidavit of poverty because he has no guardian, I would hold that the deprivation of a guardian effectively destroyed the minor's right to appeal on an equality with that of minors whose property is at stake rather than his liberty. I respectively dissent.

SMITH and STEAKLEY, JJ., join in this dissent.