In the Matter of J.M.C., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00147–CV.

Court of Appeals of Texas,
San Antonio.

June 4, 1986.

Thomas Rocha, Jr., San Antonio, for appellant.

Michael Jackson, Daniel Thornberry, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from an order modifying disposition in a juvenile case.

In June of 1984, appellant, J.M.C. was found to be a child in need of supervision and was placed on juvenile probation. J.M.C. allegedly violated certain conditions of her probation and in October of 1984 was adjudged as a child who had engaged in delinquent conduct as set forth in the Texas Family Code. She was again placed on juvenile probation. One condition of her probation was that she remain in Bexar County unless she received court permission to leave or was allowed to do so by the probation department. In January of 1985 the State moved to modify disposition, seeking to have J.M.C. placed in the custody of the Texas Youth Commission. The State alleged that she had violated this

condition of her probation because she had left Bexar County without the required permission. After conducting a hearing the district court found that a violation had occurred, and it entered an order modifying disposition. It placed J.M.C. under the supervision of the Texas Youth Commission. J.M.C.'s attorney gave oral notice of appeal at the close of the hearing.

The State contends that the oral notice of appeal is insufficient to perfect the appeal, and the cause should be dismissed.

The requirements governing an appeal from an order of a juvenile court are "as in civil cases generally." TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1975). The rules in civil cases only require notice to opposing parties of the filing of a cost bond or certificate of deposit, TEX.R.CIV.P. 354(d), or the filing of an affidavit of inability to pay costs, TEX.R.CIV.P. 355(b). At the time this appeal was perfected a guardian ad litem who appealed for a minor in his fiduciary capacity was not required to file an appeal bond. TEX.REV.CIV.STAT. ANN. art. 2276 (Vernon 1971).

The record contains the appointment of Thomas Rocha as "guardian ad litem and attorney for the purpose of representing the interests of the child." Assuming that attorney Rocha was acting in his fiduciary capacity in initiating this appeal and was not required to file a cost bond or affidavit of inability to pay costs, he was required to do more than the announcement in open court of his intention to appeal.

When an appeal bond is not required by law, the appellant must file a written notice of appeal with the clerk or judge, and a copy of the notice must be mailed to opposing counsel. Oral notice does not comply with the rule. *City of San Antonio v. Rudewick*, 567 S.W.2d 38 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 356(c). Since notice of appeal was not given as required, the appeal has not been perfected, and this Court is without jurisdiction to hear the appeal.

In the interest of justice and to preclude the necessity for pursuing an out-of-time appeal, we examined appellant's points of error. We find there is sufficient evidence to support the modification order and that J.M.C.'s contention of justification for running away is without merit. The further contention that this cause should have been certified as a class action with all others confined in the Bexar County Juvenile Detention Center is groundless. The thrust of the State's efforts was to remove J.M.C. from the detention facility and place her elsewhere.

The appeal is dismissed.