739 S.W.2d 476 (1987)
In the Matter of P.A.P., A Minor, Appellant,
v.
The STATE of Texas, Appellee.
No. 4-87-00056-CV.
Court of Appeals of Texas, San Antonio.
October 14, 1987.
Raymond Angelini, San Antonio, for appellant.
Fred G. Rodriguez, Daniel Thornberry, San Antonio, for appellee.
Before the court en banc.

OPINION
PER CURIAM.
Appellant attempts to appeal orders signed December 11, 1986, adjudging her to have engaged in delinquent conduct and committing her to the Texas Youth Commission. On December 10, 1986, appellant's attorney filed a written notice of appeal. The attorney had not also been appointed appellant's guardian ad litem. No cost bond, cash deposit, or affidavit in lieu thereof have been filed. See TEX.R. APP.P. 40(a). We were of the opinion that appellant had failed to perfect her appeal, and on July 30, 1987, we ordered both parties to the appeal to brief the jurisdictional issues involved.
It is well settled that appeals in juvenile delinquency proceedings are governed by the civil procedural rules. TEX. FAM.CODE ANN. § 56.01(b); Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290, 292 (Tex.1969); J.M. C. v. State, 712 S.W.2d 237, 238 (Tex.App. San Antonio 1986, no writ). An appeal may not be perfected by a juvenile without complying with TEX.R.APP.P. 41 and 46. Brenan, 444 S.W.2d at 292; In the Matter of R.R., 664 S.W.2d 418, 419 (Tex.App. Corpus Christi 1983, no writ) (construing former TEX.R.CIV.P. 354 and 355). Had appellant's attorney also been appointed his guardian ad litem, the notice of appeal filed in this case would probably have been sufficient to perfect the appeal. In the Matter of A.M., 664 S.W.2d 414, 414 (Tex.App. Corpus Christi 1983, no writ). This, however, was not the case.
In our order, we also asked the parties to address the due process rights of a juvenile to an appeal. There is no constitutional right to an appeal. Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). It has only been held that where an appeal is afforded to some litigants, it cannot arbitrarily or capriciously be denied to others without violating the equal protection *477 clause of the Fourteenth Amendment. Lindsey v. Normet, 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972). The juvenile in Texas is not denied the right to an appeal. That right is afforded under the civil rules and those rules must be complied with by the juvenile to invoke appellate jurisdiction.
Appellant asserts that, had she been an adult, her appeal would have been perfected by the filing of the notice of appeal. See TEX.R.APP.P. 40(b). She argues that she should not be held to "a higher standard of perfecting an appeal than would be required of an adult." She argues that to require her to do more to perfect her appeal than an adult would have to do violates her due process rights. We fail to understand what "higher standard" is required. If appellant is indigent, as she asserts in her brief, she could have perfected her appeal by the filing of an affidavit stating that she is unable to pay the costs of an appeal. TEX.R.APP.P. 40(a)(3). In the alternative, her guardian ad litem, acting in her fiduciary capacity, could have perfected the appeal by the filing of a written notice of appeal. TEX. R.APP.P. 40(a)(2); In the Matter of A.M., 664 S.W.2d at 414. In either circumstance, the appeal could have been perfected without securing costs. As our supreme court has said in rejecting a similar due process argument, if the juvenile is financially able to do so, he must pay, or give security for the costs of his appeal. Brenan, 444 S.W.2d at 293. The requirement does not raise a question of due process. Id.
The appellate process is not denied to a juvenile. The procedural avenue to the appellate courts is not more onerousit is merely differentthan that which must be followed by the criminal appellant.[1] The application of the civil rules for the perfection of an appeal has not deprived appellant of her due process rights. The appeal is dismissed for want of jurisdiction.
NOTES
[1] Since the opinion in Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1969) the Texas Legislature has declined to amend the appellate procedure in juvenile cases so that it conforms to criminal procedure. The obvious opportunity to do so was upon enactment of the revised juvenile code in 1973. See, TEX.FAM.CODE ANN. Title 3, § 51.01 et seq. (Vernon 1986).