810 S.W.2d 906 (1991)
In the Matter of T.D.S.
No. 04-91-00085-CV.
Court of Appeals of Texas, San Antonio.
June 28, 1991.
*907 Christopher M. Gunter, Christopher M. Gunter, P.C., Austin, for appellant.
Billy Ray Stubblefield, Robb Wm. Shepherd, Williamson County Attys. Office, Georgetown, for appellee.
Before REEVES, C.J., and BUTTS and CHAPA, JJ.

OPINION
PER CURIAM.
Appellant in this juvenile case has attempted to perfect this appeal by filing a notice of appeal. Appellant was ordered to show cause by March 20, 1991, why this appeal should not be dismissed for want of jurisdiction. TEX.R.APP.P. 60(a)(2).
Appeals in juvenile delinquency proceedings are governed by the civil procedural rules. TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1986); Brenan v. Court of Civil Appeals, Fourteenth Dist, 444 S.W.2d 290, 292 (Tex.1969). Except in certain limited circumstances, not involved here, a juvenile may not perfect an appeal except by the filing of a cost bond or its equivalent. Brenan, 444 S.W.2d at 292. A civil appeal may be perfected by the filing of an affidavit of inability to pay the costs TEX.R.APP.P. 40(a)(3).
In his response to our show cause order, appellant argues that his appeal would have been perfected by the filing of an affidavit of indigency had we not denied his motion for extension of time. A short narration of the procedural history of this appeal is required in order to address this contention.
Appellant filed a notice of appeal on November 15, 1990. On November 21, 1990, appellant filed a motion for a free statement of facts and for the appointment of an attorney on appeal. An affidavit by appellant's mother was attached to the motion. Appellant's mother averred that neither she nor her husband were able to pay for the statement of facts or to pay for an attorney to represent appellant on appeal. This motion was filed two days after the time for perfecting the appeal had expired.
Also on November 21, however, appellant filed a motion for extension of time in which to file an amended notice of appeal. Appellant moved to file the amended notice because the motion and affidavit just mentioned were inadvertently not included with the original notice of appeal when it was filed on November 15, 1990. The motion and affidavit were attached to the motion for extension of time.
We denied the motion for extension of time in an order dated December 5, 1990, in which we stated, "[s]ince the notice of appeal was timely filed and is sufficient to perfect the appeal, an amendment is unnecessary."
This appeal was originally inadvertently docketed in this court as a criminal case under cause number 04-90-00657-CR. The December 5 order was entered in that context and under that number. By our order of February 25, 1991, this appeal was properly redoeketed as a civil case. See TEX. FAM.CODE ANN. § 56.01 (Vernon 1986). In the context of a civil appeal, our order of December 5 is erroneous. We order it stricken. In its place we issue a new order granting the motion for extension of time. *908 Because the affidavit may be regarded as timely, we hold that the appeal has been perfected. TEX.R.APP.P. 40(a)(3), 41(a)(1) & (2).
Appellant has shown good cause why his appeal should not be dismissed for want of jurisdiction. The appeal is continued on the docket of this court.