In the Matter of J.C. a
Juvenile, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00442–CV.

Court of Appeals of Texas,
El Paso.

Nov. 10, 1994.

Jack Chappell, Midland, for appellant.

Mark H. Dettman, County Atty., Midland, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

LARSEN, Justice.

### OPINION ON MOTION
### FOR REHEARING

Appellant's motion for rehearing is granted. Our opinion and judgment of October 6, 1994 are withdrawn, and this opinion is substituted in its place.

Appellant J.C., a juvenile, appeals from a judgment entered in the Midland County Court at Law on October 29, 1993 adjudging him to have engaged in delinquent conduct and committing him to the Texas Youth Commission. On November 5, 1993 appellant filed a notice of appeal and motion for a new trial. Additionally, appellant filed an "Application and Oath for Court–Appointed Attorney on Appeal" and "Request for Transcript and Statement of Facts at State Expense," both of which included sworn statements by the appellant's father to the effect he was without funds to pay for the expenses incurred pursuant to an appeal. No cost bond, cash deposit, or affidavit of inability to·

pay in lieu thereof have been filed specifically to perfect the appeal.

■ Texas Rules of Appellate Procedure 40 and 41 establish the process for perfecting an appeal. The normal process for appealing a civil case begins with the filing of a cost bond or deposit and giving notice of the filing to all other parties. The rules specifically provide "[w]hen the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 41, his affidavit stating that he is unable to pay the costs of appeal *or any part thereof,* or to give security therefor." TEX.R.APP.P. 40(a)(3)(A). [Emphasis added].

■ Juvenile appeals are governed by the same rules as other civil appeals. TEX. FAM.CODE ANN. § 56.01(b) (Vernon 1986 and Supp.1994). Failure of a juvenile to file a cost bond, cash deposit, or affidavit in lieu thereof pursuant to TEX.R.APP.P. 40 and 41 results in an unperfected appeal. *P.A.P. v. State,* 739 S.W.2d 476, 476 (Tex.App.—San Antonio 1987, no writ). Where a juvenile appellant has filed affidavits indicating his inability to pay for the cost of an appeal, however, even where those documents do not specifically address inability to pay the costs of an appeal bond, the juvenile adequately invokes the jurisdiction of the appellate court. See *In the Matter of T.D.S.,* 810 S.W.2d 906 (Tex.App.—San Antonio 1991, writ denied) (motion for free statement of facts and for appointment of attorney, with affidavit averring parent's inability to pay, sufficient to perfect juvenile appeal).

■ On rehearing, appellant urges that his application and oath for court appointed attorney on appeal, and request for transcript and statement of facts at state expense, are sufficient to perfect his appeal. We agree, although we caution that the better practice is to file a separate affidavit of inability to pay costs on appeal in lieu of cost bond, as contemplated by the Texas Rules of Appellate Procedure.

## CONCLUSION

The affidavits of appellant's father indicating the family's inability to pay for the costs of an appeal were sufficient to invoke the jurisdiction of this Court. The appeal shall be continued on our active docket.

Jack Chappell, Midland, for appellant.

Mark H. Dettman, County Atty., Midland, for appellee.

