**William John STARKS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 4382.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 12, 1969.

Rehearing Denied Jan. 9, 1970.

---

Allen Glenn, Bryant, Glenn & Thomas, Abilene, for appellant.

Lynn Ingalsbe, Asst. Dist. Atty., Abilene, for appellee.

WALTER, Judge.

Appealed from the Domestic Relations Juvenile Court of Taylor County.

On April 1, 1968, appellant was declared a delinquent child and the judgment was suspended. His mother and father were served with citation and his mother appeared with him represented by an attorney. No guardian ad litem was appointed.

At a hearing to modify the judgment and revoke probation, appellant appeared with his attorney and requested the court to appoint a guardian ad litem. Neither of his parents were present. The court refused to appoint a guardian. His suspended commitment and probation were revoked. He filed an affidavit that he was unable to pay the cost of appeal and the State agreed with him.

He contends the Court erred in refusing to appoint a guardian ad litem at the hearing to revoke his probation and in failing

to set aside the order of commitment because no guardian was appointed.

In Brenan v. Court of Civil Appeals, 444 S.W.2d 290 (1968), our Supreme Court said: "The Act in Sec. 21 specifically provides that an appeal may be taken 'as in other civil cases.' It is well settled that proceedings instituted under the Juvenile Act are governed, as far as practicable, by the rules relating to civil procedure and are civil in nature. * * *

Rule 173, Texas Rules of Civil Procedure, provides in part: 'When a minor * * * may be a defendant to a suit * * * the court shall appoint a guardian ad litem for such person * * *.' This rule has application to a juvenile delinquency proceeding where a minor is a defendant. However, no complaint is made in this mandamus proceeding of the failure of the trial court to appoint a guardian ad litem to represent Johnny Hernandez and no request made that we order such appointment. This question is not before us in this proceeding." The dissenting opinion in Brenan relates: "Our former decisions settle the rule that a juvenile charged in Juvenile Court is entitled, at least, to the rights of minors who are defendants in civil actions. They are entitled to the rights accorded other minors by the Texas Rules of Civil Procedure. Dendy v. Wilson, 142 Tex. 460, 179 S.W. 2d 269, 274, 275, 151 A.L.R. 1217 (1944). I cannot believe that any court, in a civil suit which involved a minor's property and in which the minor was the sole named defendant, would permit the trial to proceed to judgment without the appointment of a guardian ad litem. Rule 173, T.R. C.P., in speaking of minors who are defendants in civil actions, is clear in its mandate that a guardian must be appointed for a child who is a defendant in a civil

action. 'When a minor, lunatic, idiot, or a non-compos mentis may be a defendant to a suit and has no guardian within this State, * * * the court shall appoint a guardian ad litem for such person and shall allow his (him) a reasonable fee for his services to be taxed as a part of the costs.' It is no answer to say that Hernandez had an attorney from the Houston Legal Foundation. The powers and functions of an attorney are different from those of a guardian. In Tutt's Heirs v. Morgan, 18 Tex.Civ.App. 627, 42 S.W. 578 (1897, no writ) it was held that the right of a guardian to appeal without bond could not be exercised by an attorney appointed for minors. It is no answer to say that the minor's parents were present in court. No doubt they did the best they could, but in law, they were volunteers. They were not parties; they were clothed with no legal powers. It may be that the delinquency stemmed from conflicts between the parents and the child."

The majority and dissenting opinion in Brenan agree, that proceedings instituted under the Juvenile Act are governed by the Rules of Civil Procedure, and that such rules require the appointment of a guardian for a minor defendant who is charged with being a delinquent child in the Juvenile Court. The failure of the trial court to appoint a guardian in the Brenan case was not before the Supreme Court and we recognize the statements made in their opinions on this subject were not necessary to the disposition of the case. However, what they said is the only authority on the subject. We therefore hold that the learned trial court erred in failing to appoint a guardian ad litem for the minor defendant.

The judgment is reversed and the cause is remanded.