**Leslie P. FELDER, a Minor, et al.,**
**Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 433.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1971.

Rehearing Denied Feb. 17, 1971.

————◆————

Charles B. Everett, Houston, for appellants.

Carol S. Vance, Dist. Atty., Joe S. Moss, James C. Brough, Nicholas S. Barrera, Asst. Dist. Attys., Houston, for appellee.

BARRON, Justice.

On December 15, 1969, Leslie P. Felder, a minor, appellant here, was declared by the Juvenile Court No. 2 of Harris County, Texas, to be a delinquent child and was committed to the Texas Youth Council. The commitment, however, was suspended by the Juvenile Court, and said child was placed in the custody of his mother and brother under supervision of the Harris County Juvenile Probation Department under rules of probation as set forth by the Court.

The case was reopened on August 3, 1970 by petition filed in the Juvenile Court, which stated that the child had made an unsatisfactory adjustment in that he had

returned to Texas and was living with his father. Further orders concerning the child were sought.

On September 9, 1970, after a hearing, the Juvenile Court found that Leslie P. Felder was a delinquent child, and the court committed him to the care, custody and control of the Texas Youth Council. Appeal has been properly perfected from the order of September 9, 1970.

Appellants contend that the trial court erred in entering judgment of delinquency and the order of September 9, 1970 against the minor appellant when the court had not appointed a guardian ad litem to represent the minor appellant's rights, contrary to Rule 173, Texas Rules of Civil Procedure. A review of the record shows that no such appointment was made. In fact, the Juvenile Court on September 23, 1970, in an order of that date, stated that at no time during the pendency of this action had a guardian ad litem been requested or appointed by the court to represent Felder. The court further stated that on all occasions during the pendency and trial of the case, Felder had been represented in court by counsel, and that at least one of the parents of the minor was in court during each hearing on the merits.

Cases of this type are fraught with much difficulty and uncertainty. We are not only required to apply rules relating to civil procedure in proceedings instituted under the Juvenile Act, but in proceedings to determine delinquency which may lead to commitment to a state institution, we must regard the proceeding as criminal in nature so far as due process is concerned. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; Leach v. State, 428 S.W.2d 817, (Tex.Civ.App.1968), no writ.

In the cases of Yzaguirre v. State, 427 S.W.2d 687, 694, (Tex.Civ.App.1968), no writ, and In re Gonzalez, 328 S.W.2d 475, (Tex.Civ.App.1959), writ ref., n. r. e., it was held that where parents were present at a hearing to determine whether a juvenile was a delinquent child, the appointment of a guardian ad litem for a juvenile was not required. In Yzaguirre an employed attorney was also present on behalf of the minor. However, in Brenan v. Court of Civil Appeals, Fourteenth Dist., 444 S.W.2d 290, 293, (Tex.), the Supreme Court of Texas stated in what we believe to be unmistakable terms that when a minor who is a defendant in a civil suit such as the present case is involved, a guardian ad litem must be appointed, and important reasons were set forth in the various opinions of the Justices to require such appointment. Statements made in the Brenan case were strengthened by the decision in Starks v. State, 449 S.W.2d 559, (Tex.Civ.App.1969), writ ref., where a hearing to modify a judgment and revoke probation was involved, and where the minor appellant appeared with his attorney and requested the court to appoint a guardian ad litem. The request was denied. Neither parent was present, but the appeal was duly perfected on appellant's affidavit that he was unable to pay the cost of appeal. The Eastland Court of Civil Appeals observed in Starks, a case in which writ of error was unqualifiedly refused:

"The majority and dissenting opinion in Brenan agree, that proceedings instituted under the Juvenile Act are governed by the Rules of Civil Procedure, and that such rules require the appointment of a guardian for a minor defendant who is charged with being a delinquent child in the Juvenile Court. The failure of the trial court to appoint a guardian in the Brenan case was not before the Supreme Court and we recognize the statements made in their opinions on this subject were not necessary to the disposition of the case. However, what they said is the only authority on the subject. We therefore hold that the learned trial court erred in failing to appoint a guardian ad litem for the minor defendant."

As three of the Justices observed in Brenan, 444 S.W.2d at p. 295 of the Court's opinions, the powers and functions of a

guardian ad litem are different from those of an attorney or possibly even of the parents of the child. In the present case the minor appellant on December 15, 1969 stipulated to incriminating evidence in open court and waived a jury trial or hearing. If a guardian ad litem is to do his duty, which we must assume to be true, advice and guidance of a guardian ad litem were needed in this case for such material acts on the part of the 15-year old minor.

We believe that it is the purpose and intent of our Supreme Court and of the Rules of Civil Procedure to require the trial court in all cases of· this type to appoint suitable guardians ad litem for minor defendants as provided by Rule 173, T.R.C.P. Juvenile Courts deal with minors, and petitions filed therein as a rule show the age of the defendant. The appointment is required whether request is made for such appointment or not, and unless it is clear that disabilities of minority do not exist, it is the duty of juvenile judges to make such appointments.

It is unnecessary that we discuss other contentions made by appellants.

For the reasons stated above, the judgment of the trial court of September 9, 1970, is reversed and remanded for a new trial.