**Preston James PREMEAUX, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 7285.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 28, 1971.

Rehearing Denied Nov. 11, 1971.

Paul Owens, Orange, for appellant.

Louis Dugas, Jr., County Atty., Orange, for appellee.

DIES, Chief Justice.

On February 17, 1971, appellant Preston James Premeaux, Jr., a sixteen-year-old boy, was arrested in Orange County, Texas, and charged with unlawful possession of a narcotic drug, to-wit, marijuana. Subsequently, on March 29, 1971, he was adjudged by the County Court of Orange County, Texas, sitting as a Juvenile Court, to be a delinquent child. He was placed on probation and committed into the custody of his parents.

On April 15, 1971, the minor was again arrested in Orange County for possession of marijuana, and on April 22, 1971, the county attorney of Orange County filed a motion to revoke his probation. A hearing was had on said motion on April 30, 1971, and on May 5, 1971, the court issued an order revoking his probation, following which an appeal was taken to this court.

At no time before or during the hearing for revocation of probation did the appellant or his parents request that the court appoint a guardian ad litem. His parents were present in court as was counsel.

On this appeal, error is assigned that the trial court failed to appoint a guardian ad litem. In Felder v. State, 463 S.W.2d 272 (Tex.Civ.App., Houston-14th, 1971, error ref. n. r. e.), the court had this identical fact situation before it and there held it to be reversible error where the juvenile court failed to appoint a guardian ad litem even though no request for such appointment was made.

Since we feel bound by this decision, this cause is remanded for a new trial to the County Court of Orange, sitting as a Juvenile Court, in said county.

KEITH, Justice (concurring).

I concur, reluctantly, in the reversal of the judgment of the juvenile court. *In*

*this case,* I am convinced from a careful study of the record that in ordering the reversal we place form above substance. The minor was represented by capable, experienced and industrious counsel selected by his parents who actively participated in the entire proceedings. Both parents were present during the hearing and the father sought, albeit unsuccessfully, to secure his son's commitment to a private neurological institution for treatment at his own expense. The minor's able counsel literally cross-examined the trial judge as to findings of fact and conclusions of law—all of which were painstakingly and fully answered by the trial judge. Upon appeal, there is not a single suggestion that a guardian ad litem or a dozen guardians accompanied by a battery of lawyers, could have done any more for the minor than was done by his parents and his trial counsel.

The hard and stubborn fact will remain for consideration upon a new trial—this time with a guardian ad litem under direction from this court—that the minor did possess marijuana and was declared to be a delinquent child on March 24, 1971. He was placed upon probation, one of the conditions being that he commit no offense under the laws of this state while another required him to avoid injurious or vicious habits. Less than a month later, on April 15, 1971, he was apprehended smoking marijuana in a public place. Although his counsel did tender the minor as a witness, the record contains sufficient evidence to support the trial court's revocation of probation if the minor's testimony had not been introduced. Under these circumstances, the guardian ad litem will have his work cut out for him during the subsequent proceedings which we have ordered.

I fully concur with the strong language used by Justice Pope in his dissent in Brenan v. Court of Civil Appeals, Fourteenth Dist., 444 S.W.2d 290, 294–297 (Tex.Sup.1969), when he speaks of the necessity for the appointment of a guardian ad litem in *every* case arising under the Juvenile Act; and, if there was any suggestion of an impairment of the minor's rights in *this case,* I would unhesitatingly follow the succeeding cases on the point: Starks v. State, 449 S.W.2d 559 (Tex.Civ.App., Eastland, 1970, error ref.), and Felder v. State, 463 S.W.2d 272 (Tex.Civ.App., Houston–14th, 1971, error ref. n. r. e.). Insofar as *this case* is concerned, we have breached the rule so eloquently stated by Honorable Roy W. McDonald, the distinguished author of Texas Civil Practice, as set out in 19 Tex.Law Rev. 229, 252–253 (1941):

"No judgment should ever be rendered in the trial court which is based upon mere procedural technicalities, and *no judgment which follows a full and otherwise correct trial upon the actual issues in controversy between the parties should ever be reversed because of such informalities.* There is no vested right in rules of procedure; much less is there no vested right in procedural errors." [emphasis supplied]

However, so as to establish a uniform precedent and a procedure to be used in *every case,* I join in the reversal of this cause. This court is now committed to the proposition that no adjudication of delinquency of a minor will be upheld when attacked directly upon appeal if the trial was conducted without a guardian ad litem having been appointed to represent the minor.