Charles Lee **BERKLEY**, Appellant,

· v.

The **STATE** of Texas, Appellee.

No. 17256.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 5, 1971.

James O. Mullin, Weatherford, for appellant.

Alex Tandy, County Atty., Weatherford, for appellee.

OPINION

MASSEY, Chief Justice.

Charles Lee Berkley was found to be a delinquent child under the provisions of Vernon's Ann.Tex.St., Article 2338–1, "Delinquent children * * *", and his custody committed to the Texas Youth Council. He appealed.

Since Berkley was a minor the trial court should have appointed a guardian *ad litem* for him pursuant to delinquency proceedings. Texas Rules of Civil Procedure 173, "Guardian Ad Litem". If we correctly understand Starks v. State, 449 S.W.2d 559 (Eastland Civ.App., 1969, error refused) proceedings under the Juvenile Act are governed by the rules of civil procedure. These rules require the appointment of a guardian *ad litem* for a minor defendant charged with being a delinquent child. An attorney *ad litem* was appointed, but this is immaterial and does not take the place of the requisite guardian. (We note that such attorney seems to have, without compensation, voluntarily discharged duties more properly performed by a guardian *ad litem*.)

In view of the above a reversal and remand would appear to be required. But, because of additional error we believe that there should be no new trial on the issues pursuant to which there was the adjudication of delinquency. We deem the proper judgment of this appellate court one which restores the status of young Berkley to what it might have been immediately prior to those proceedings in the trial court from which the appeal was taken. It is not made clear by the record exactly what his status was before the time of such proceedings. It is inferred that he may have been adjudicated a delinquent child before such time and that the later hearing was to determine propriety of placing custody in the Texas Youth Council.

■ Such aforementioned additional error lay in the deficiency of pleadings to charge a crime upon which an adjudication of delinquency might be based, and, in the assumption of their sufficiency, a failure in the proof adduced upon hearing to establish Berkley's guilt. Osborne v. State, 343 S.W.2d 467 (Amarillo Civ.App., 1961, no writ hist.). The offense which the pleadings stated, "Auto theft on two separate occasions", is hardly more specific than the "habitual violation of law" considered in Johnson v. State, 401 S.W.2d 298 (Houston Civ.App., 1966, no writ hist.). In any event it is insufficient. The proof related to two auto thefts, the first on or about September 17, 1969, and the second on or about October 3, 1969, where on both occasions young Berkley was taken into custody by the authorities, on the latter having been placed in jail. It is interesting to note that afterward, in the month of January, 1971, was held a trial upon a charge of delinquency before the same court (and under the same docket number) following a complainant's allegation of the commission of the crime of "forgery". Pursuant thereto the judgment was one of acquittal. There is doubt that state's attorney or the court lacked knowledge of the antecedent automobile thefts in January, 1971.

By the evidence on the instant trial, in February, 1971, it was established that Deputy Sheriff Cain "had satisfied himself" that young Berkley had, on or about September 17, 1969, taken a 1960 Olds Station Wagon belonging to a Mr. Smallwood without permission. Such evidence of Cain's factual conclusion falls short of requisite *prima facie* proof that Berkley stole the Station Wagon.

The other automobile was a 1960 Chevrolet. It was proved that such automobile was the property of a Mr. Hamilton, taken without authority from a barn on his premises without his permission. He never testified that Berkley took such vehicle. It is obvious from his testimony that he had no knowledge, merely suspicion. Deputy Sheriff Stults testified that Hamilton "thought" Berkley was the person who took it, but that was hearsay, merely, and furthermore, the witnesses' conclusion. The evidence fell short of connecting Berkley with the theft of the Chevrolet.

Counsel seasonably filed and presented to the court motions where he sought to obtain the court's Findings of Fact and Conclusions of Law. The court failed and refused to respond. Counsel, being further unable to obtain approval of his motion for a preparation of a Statement of Facts at the county's expense had his stenographer prepare a Question and Answer record of all the testimony. The state's attorney agreed that it be filed as the Statement of Facts to be used by the appellate court. Therefrom, as above indicated, was no issue raised upon which young Berkley might have lost his case. In other words, Berkley was not injured because his right to reversal is made apparent therefrom. Since reversibility of the judgment is shown thereby he has the same right he would have had under the court's failure to file Findings of Fact and Conclusions of Law in obedience to T.R.C.P. 296 and 297. See 4 Texas Law Review, p. 97, "Is Failure of Trial Judge to File Findings of Fact and Conclusions of Law, When Requested, Reversible Error?", and cases annotated under Note 30 of T.R.C.P. 296; and in particular Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944). However, under these circumstances counsel is left without any legal remedy for the expense of preparing the Statement of Facts, which in this instance has effectively operated as an agreed statement.

Judgment is reversed. Judgment is here rendered restoring the status of Charles Lee Berkley to that obtaining immediately prior to the complaint which resulted in that judgment from which the appeal was taken.