James Daniel BOARDMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 17260.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 19, 1971.

John L. Sullivan, Denton, for appellant.

John H. Lawhon, County Atty., Denton County, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

James Daniel Boardman was found to be a delinquent child under the provisions of Vernon's Ann.Tex.Civ.St. Article 2338-1, "Delinquent children . . .", and his custody committed to the Texas Youth Council, with such commitment suspended conditioned upon good behavior and subject to further orders of the court. He appealed.

Since Boardman was a minor the trial court should have appointed a guardian *ad litem* for him pursuant to delinquency proceedings. This was not done. If we correctly understand Starks v. State, 449 S.W.2d 559 (Eastland, Tex.Civ.App., 1969, error refused) proceedings under the Juvenile Act are governed by the rules of civil procedure. These rules require the appointment of a guardian *ad litem* for a minor defendant charged with being a delinquent child.

In view of the above a reversal and remand would appear to be required. But, because of additional error we believe that there should be no new trial on the issues pursuant to which there was the adjudication of delinquency and that our judgment should be one of reversal and rendition.

Propriety of the judgment of the trial court depended upon its finding that young Boardman was guilty of having burglarized a coin-operated machine. This would be a felony under Vernon's Ann.P.C., Art. 1402a, "Coin-operated machine; breaking and entry into with intent to commit theft." The extent of the testimony adduced upon trial established no more than that as of the time of the burglarization of the coin-operated machine, effected by companions of Boardman, the accused was sitting in the back seat of the automobile from which said companions had alighted to approach the machine, the automobile being in the immediate vicinity. Police officers arrived before the automobile was driven from the scene, and the arrests were immediately upon the accomplishment of the offense by Boardman's companions. No part of the fruits of the crime ever reached him. Speculatively, it may be that young Boardman would have reported the offense at the first opportunity.

In a case of this character he who is sought to be found guilty of a criminal offense, and in consequence adjudged a delinquent, is to be accorded rights substan-

tially equivalent to those of an adult likewise accused with this difference, viz: his guilt must be established by a preponderance of the evidence (rather than beyond a reasonable doubt) as to every fact necessary to constitute the crime with which he is charged.

Some statements to be found in Texas Jurisprudence Second, are appropriate to the situation. Under the text relative to "Criminal Law", we note at p. 178, Sec. 65, "Presence—Effect", that " . . . the mere fact that a person is present when an offense is committed does not make him a principal, where he does not aid, encourage, or participate in its commission, though he makes no effort to prevent its commission, or remains silent or fails to give alarm", and at p. 186, Sec. 68, "Need for participation", that "For a person to be liable as a principal with others in the commission of an offense, there must be some guilty connivance or participation on his part, and he must have been guilty of some overt act or conduct before or at the time the offense was committed."

Gillard v. State, 128 Tex.Cr.R. 514, 82 S.W.2d 678 (1935) was a somewhat similar case, though there the criminals were apprehended several miles from the scene. The defendant was a woman who was in the company of four men in the automobile which had been driven to the scene immediately before a robbery and driven away immediately afterward. The court wrote: "All that the testimony shows is that she was sitting in the car when three of the men left the car and went to the restaurant; that she did not say or do anything from which an inference of guilt might be drawn. The mere presence of a party at the time and place of the commission of an offense of itself is not sufficient to warrant a conviction of the person as a principal." Judgment of conviction was reversed, with the cause remanded for another trial on the obvious theory that proof might be available in remedy of the insufficiency occasioning reversal.

 In the instant case the state of the record shows affirmatively that no such proof of admissible character would be available. Therefore, the proper order would be one of acquittal.

Judgment is reversed and rendered.