Robert Gonzales DAVILLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 8243.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 28, 1972.

Fullingim & Fullingim, Dennis L. Fullingim, Lubbock, for appellant.

Thomas J. Purdom, County Atty., Lubbock, Crawford C. Martin, Atty. Gen., Roland Daniel Green, III, Austin, for appellee.

REYNOLDS, Justice.

This appeal emerges from an order revoking probation which had been granted under the Texas Juvenile Act, Vernon's Ann.Civ.St. art. 2338–1. Affirmed.

On March 11, 1971, the 137th District Court of Lubbock County, sitting as a Juvenile Court, conducted a hearing to determine whether Robert Gonzales Davilla, appellant here, was a delinquent child. At that hearing his mother was present and he was represented by appointed counsel, but no guardian ad litem was requested or appointed. At the conclusion of the hearing, appellant was adjudged to be a delinquent child, and he was placed on probation under certain terms and conditions. Appellant accepted the judgment of probation and no appeal was taken therefrom as authorized by the Juvenile Act, and the judgment of delinquency became final.

Application to revoke the probation was filed June 16, 1971, on the allegation that appellant had assaulted two police officers of the City of Lubbock. An attorney and a guardian ad litem were appointed to represent the appellant at the revocation hearing. Appellant's counsel urged a motion for dismissal based upon the fact that no guardian ad litem had been appointed to represent the minor's interest in the March 11, 1971 delinquency hearing at which appellant was adjudicated a delinquent child. The motion was overruled. After a hearing, appellant's probation was revoked and he was ordered committed to the care, custody and control of the Texas Youth Council.

Appellant contends that the failure of the trial court to appoint a guardian ad litem for him at the first hearing where he was adjudged a delinquent child deprives him of a fundamental right. It is reasoned that the dictates of Rule 173, Texas Rules of Civil Procedure, providing that "When a minor * * * may be a defendant to a suit and has no guardian within this State, * * * the court shall appoint a guardian ad litem for such person * * *", renders both the original delinquency proceeding held in the absence of a guardian ad litem and the subsequent revocation proceeding based thereon a nullity. Thus, the question we are to decide is: Does the error in failing to appoint a guardian ad li-

tem for a minor defendant in a delinquency proceeding where a parent is present and he is represented by counsel, and where no appeal is taken from the adjudication of delinquency, constitute fundamental error? If so, the proceeding is void and it is elemental that the delinquency judgment may be attacked in any proceeding; if not, the proceeding is voidable only and it is as elemental that the error may be successfully challenged only by a direct appeal brought for that purpose. We answer the question in the negative.

We agree with the apt expression in Felder v. State, 463 S.W.2d 272 (Tex.Civ.App.—Houston (14th Dist.) 1971, writ ref'd n. r. e.), that "(c)ases of this type are fraught with much difficulty and uncertainty." The difficulty and uncertainty is increased when conflicting authorities, some of which are specifically noted hereinbelow, can be found stating the effect of a trial court's failure to appoint a guardian ad litem in a delinquency proceeding or in a proceeding to revoke probation granted in a prior delinquency adjudication.

It has been held, in an appeal from a juvenile delinquency judgment, that failure to appoint a guardian ad litem during the delinquency proceeding where the delinquent's parents are present is not reversible error. In Re Gonzalez, 328 S.W.2d 475 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.). The opinion states that the "pertinent statutes" have no requirement for the appointment of a guardian ad litem, but the opinion does not mention Rule 173 which apparently was not considered in reaching that decision. A later case, considering an appeal from an adjudication of delinquency and citing the holding in Gonzalez, held that where the juvenile was represented by employed counsel and both of his parents were present during the entire proceedings, Rule 173 did not require the appointment of a guardian ad litem. Yzaguirre v. State, 427 S.W.2d 687 (Tex. Civ.App.—Corpus Christi 1968, no writ). Following these two decisions, our Supreme Court held that Rule 173 is applicable to juvenile delinquency proceedings. Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.Sup. 1968).

Subsequent to the *Brenan* decision, the case of Starks v. State, 449 S.W.2d 559 (Tex.Civ.App.—Eastland 1969, writ ref'd), was decided. There Starks was declared a delinquent child and placed on probation at a hearing where his mother was present and he was represented by an attorney, but no guardian ad litem was appointed. Thereafter, at a hearing to determine whether the judgment should be modified and probation revoked, Starks appeared with his attorney and requested the appointment of a guardian ad litem. The court refused the request. Following the revocation of his probation, Starks appealed claiming error because of the refusal to appoint a guardian ad litem to represent him at the revocation hearing. The court of civil appeals, relying on the *Brenan* decision, held that the refusal to appoint the requested guardian ad litem as prescribed by Rule 173 was reversible error. In Felder v. State, supra, the juvenile, represented by counsel but not by a guardian ad litem, and in the presence of his parents, had been held to be a delinquent child and placed on probation. The judgment was not appealed. Thereafter, in a hearing at which Felder was represented by counsel but not by a guardian ad litem, and where at least one of his parents was present, Felder was found to have violated his probation and it was revoked. The appeal from the order of revocation questioned the validity of each hearing because of the absence of a guardian ad litem. The appellate court relied on the *Starks* case in holding that a guardian ad litem, whether requested or not, must be appointed in a proceeding to modify a delinquency judgment and revoke probation.

Although the validity of the prior adjudication of delinquency was challenged only in the *Felder* case, both of the opinions in *Starks* and *Felder* recognized the

absence of a guardian ad litem at the first proceeding declaring the minor to be a delinquent child. Nevertheless, neither court, in its decision that the appointment of a guardian ad litem is mandatory under Rule 173, addressed its opinion to the determination of the validity of the original hearing. In each case, the Supreme Court refused the application for writ of error because no reversible error appeared in the intermediate appellate court's decision. To this degree, the error in failing to appoint a guardian ad litem at the original proceeding, whether assigned or unassigned in the Supreme Court, apparently was not considered to be so fundamental as to reach the very foundation of the cause of action and destroy the validity of the original judgment. See Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947).

The conflicting decisions cited above, as well as other Texas cases concerned with related guardian ad litem questions, have been considered. These cases were direct appeals challenging the trial court's failure to appoint a guardian ad litem at various stages of the delinquency proceedings and were not, as here, collateral attacks on the trial court's failure to make such appointment. As a result, none of these cases has determined the precise question before us.

We think that the rationale underlying the *ex cathedra* statements in the *Brenan* case, supra, compels the negative answer we have given to the question before us. There, the juvenile, with his parents present and represented by counsel without the intervention of a guardian ad litem, was declared to be a delinquent child, gave notice of appeal and filed an affidavit of inability to pay court costs. The affidavit was contested and the trial court sustained the contest. The court of civil appeals, in response to an application for writ of mandamus, held that the parents of the minor were entitled, as a matter of law, to appeal without paying the court costs. Acting on an original petition for writ of mandamus, our Supreme Court stated the question before it to be "* * * 'the crucial issue

of whether a juvenile, as a matter of law, has a right to appeal from a decision of delinquency without payment of costs'."
In answering the question in the negative and disapproving the result reached by the court of civil appeals, the majority opinion states that Rule 173 "* * * has application to a juvenile delinquency proceeding where the minor is a defendant," and then makes this comment: "* * * However, no complaint is made in this mandamus proceeding of the failure of the trial court to appoint a guardian ad litem to represent Johnny Hernandez and no request made that we order such appointment. This question is not before us in this proceeding. See Newman v. King, Tex., 433 S.W.2d 420."

The *Newman* case held that error in failing to appoint a guardian ad litem for a minor *plaintiff,* who is represented by a regular guardian or next friend, is not such error as constitutes fundamental error which may be considered although not assigned as error. Even a cursory reading of the majority, concurring, rehearing and dissenting opinions in *Brenan* manifests the Court's vital concern with the minor's right of appeal within the framework of our rules of procedure. The absence of a guardian ad litem, whose function is to protect the interests of the minor defendant, in the hearing resulting in Hernandez's adjudication of delinquency, was noted. Yet, none of the considered opinions assigned the failure of the trial court to secure a guardian ad litem for the minor as fundamental error. That the Court did not consider the absence of a guardian ad litem to be fundamental error requiring notice although unassigned is all the more evident when it is remembered that the guardian ad litem, unlike an attorney or a parent, has the right to appeal without bond. Art. 2276, Vernon's Ann.Civ.St. Were the appointment of a guardian ad litem so fundamental that it goes to the very foundation of the cause of action and the absence thereof destroys the validity of the judgment, undoubtedly our Supreme Court would have so declared in the collateral

mandamus proceeding in *Brenan* and determined the crucial question before it as a consequence thereof. In that event, the actual determination made in *Brenan* of the requirements prerequisite to the minor's right of appeal would have been academic. Consequently, the inescapable inference is that the failure to appoint a guardian ad litem in an original juvenile delinquency proceeding does not render the judgment so fundamentally erroneous as to subject it to a collateral attack, and we so hold.

The judgment of the trial court is affirmed.