**In the Matter of Claudette FAUBUS, a delinquent child.**

**No. 8377.**

Court of Civil Appeals of Texas, Amarillo.

June 25, 1973.

Gowdy & Hall, Thomas E. Tollett, Littlefield, for appellant.

Gordon H. Green, County Atty., Muleshoe, for appellee.

ELLIS, Chief Justice.

This is an appeal from a juvenile delinquency judgment declaring a minor to be a delinquent child and committing her to the care, custody and control of the Texas Youth Council. Along with other significant points raised by the appellant, the judgment of the trial court is challenged on the grounds that no guardian ad litem was appointed for the child in the delinquency proceedings. Reversed and remanded.

On January 5, 1973, the County Judge of Bailey County, Texas, presiding over the Juvenile Court of such county, conducted a hearing to determine whether appellant Claudette Faubus, a thirteen year old child, born January 31, 1959, was a delinquent child. The state's petition alleged that she habitually violated the compulsory school attendance laws of the State of Texas. The transcript reflects that the judgment was rendered and entered on January 12, 1973. Among other matters, the judgment recites that the hearing was held on January 5, 1973, and ". . . the Court, after hearing all the evidence finds that the material allegations in the petition filed herein are true beyond a reasonable doubt, . . . ." and adjudged the child to be a delinquent child and committed her to the care, custody and control of the Texas Youth Council.

The record before this court contains no statement of facts with respect to the hearing held on January 5, 1973. A hearing on appellant's motion for new trial was held on January 31, 1973, and these proceedings were recorded by a court reporter and included in the record of this case. The record of the motion for new trial showed that the County Attorney of Bailey County, who represented the state in the hearing on January 5, 1973, testified that the court announced a verdict at the hearing. A portion of the testimony given by the county attorney in response to questioning by the appellant's counsel is set out as follows:

"Q. Do you recall the substance of this verdict that was announced in Open Court?

"A. I would say essentially.

"Q. All right. What was this announcement?

"A. The Juvenile was placed, I suppose, on probation, with certain stipulations, among those being that the child return to school, and also that the child submit to a psychiatric examination, by a named doctor, which escapes me, in Amarillo, for whatever care and treatment that this doctor might deem advisable, and further, that the results of these examinations be reported to the Court, and the Court be kept advised of her condition and progress, and those are among the things."

Additionally, the testimony in the hearing on motion for new trial revealed the matters hereinafter set out. The juvenile was present at the hearing on January 5, 1973, and represented by an attorney (other than the attorney representing the juvenile in this appeal) who was employed by her father on the day before the hearing. The father and mother of the juvenile were present at the hearing. No guardian ad litem was appointed at or prior to the time of the hearing. There was no court reporter or anyone else who recorded the proceedings in the hearing. A letter, dated November 28, 1972, written by a medical doctor in Muleshoe, Texas, addressed to the court, concerning a psychosomatic condition of Claudette Faubus, was discussed and considered during the hearing with the consent of the parties and their attorneys. This letter made reference to the making of arrangements regarding the transfer of the juvenile to in-patient facilities in Amarillo, Texas, for conference and consultation with a specialist in the field of child psychology.

The juvenile's father gave testimony during the hearing on the motion for new trial to the effect that his daughter has never gone to Amarillo, or to any psychiatrist for the care described in the above mentioned letter. He stated that on January 11, 1973, ". . . the night before we had the appointment in Amarillo with the doctor, . . . ." he discovered that his wife and daughter had gone, and that he had not seen or heard from them since that time. He stated further that he notified the judge concerning such absence of the juvenile and her mother on January 11, 1973. As previously indicated, the record reflects that the court entered its judgment in this case on January 12, 1973.

Included in the record submitted is a copy of an instrument entitled "Civil Docket, Case No. 133, In the Matter of Claudette Faubus, a Delinquent Child" in a "Juvenile" action filed on 11–17–72, containing the following handwritten, but unsigned, docket entries:

"1–5–73 Case tried with attorneys and Parents Present. Child adjudged to be Juvenile Delinquent with disposition to be decided upon.

"1–12–73 Judgment Entered Committing Child to Care, Custody and Control of The Texas Youth Council.

"Jan 31, 1973 Hearing held on Motion for New Trial. Motion overruled."

Neither the judgment nor the docket entries make reference to the granting of probation in this case. Also, the record reflects no proceeding or hearing regarding any revocation of probation.

The appellant brings this appeal on six points of error, asserting that the trial court erred in that (1) it did not appoint a guardian ad litem to represent the juvenile as required by Rule 173, Texas Rules of Civil Procedure; (2) no reporter was present at the hearing held on January 5, 1973, thereby depriving appellant of a record for appeal; (3) counsel for the juvenile was not allowed ten (10) days to prepare for trial; (4) the court announced probation for appellant from the bench on January 5, 1973, and then on January 12, 1973, it entered a written order committing the appellant to the care, custody and control of the Texas Youth Council; (5) the evidence does not support the finding that the appellant was a delinquent child beyond a reasonable doubt, and such finding by the court showed an abuse of discretion; and (6) the proceedings as a whole were such that appellant was denied due process and equal protection of the law.

■ Rule 173, Texas Rules of Civil Procedure, provides in part: "When a minor . . . may be a defendant to a suit . . . the court shall appoint a guardian ad litem for such person. . . ." In the case of Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.Sup.1968), the Supreme Court held that Rule 173 is applicable to juvenile delinquency proceedings. It is now well established that failure of a juvenile court to appoint a guardian ad litem in juvenile delinquency proceedings is reversible error even though no request for such appointment was made and the child's counsel and parents were present in court. Premeaux v. State, 472 S.W.2d 795 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); Felder v. State, 463 S.W.2d 272 (Tex.Civ.App.—Houston (14th District) 1971, writ ref'd n.r.e.); Starks v. State, 449 S.W.2d 559

(Tex.Civ.App.—Eastland 1969, writ ref'd); Boardman v. State, 473 S.W.2d 538 (Tex. Civ.App.—Fort Worth 1971, no writ); Berkley v. State, 473 S.W.2d 346 (Tex. Civ.App.—Fort Worth 1971, no writ).

This is a direct appeal from the judgment of the trial court, and upon the basis of the facts in this case and in the light of the foregoing authorities, it is our opinion that the failure of the trial court to appoint a guardian ad litem constitutes reversible error. Appellant's first point is sustained.

■■ Appellant contends, also, that the trial court erred in failing to allow appellant's counsel ten (10) days to prepare for trial without obtaining the required written waiver by the attorney and the minor child. Article 2338–1, Section 7–B(c), Vernon's Ann.Civ.St. provides that "(t)he counsel is entitled to ten (10) days to prepare for trial, but may waive the time by written notice, signed by the counsel and the child alleged to be a delinquent child." In this case it is undisputed that the counsel did not have the ten (10) days time for preparation, and the record does not contain the required written waiver. This procedure does not comply with the statutory requirements. It is our opinion that the absence of the prescribed preparation period for counsel (apparently to enable more effective representation) without the written waiver as required by law in a juvenile delinquency proceeding, in which all significant procedural rights are to be observed, constitutes reversible error. See In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1967); In Re Winship, 397 U. S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Appellant's third point is sustained.

The errors above noted are sufficient, in our opinion, to require a reversal of the trial court's judgment and that the cause be remanded for a new trial. We do not, therefore, deem it necessary in the disposition of this appeal to further lengthen this

opinion by a discussion of the remaining points raised by the appellant.

In the absence of the appointment of a guardian ad litem, the non-compliance with the statutory requirements concerning the attorney's preparation period for trial or written waiver thereof in view of all the circumstances relating to the hearing, and in the interest of justice, it is our opinion that a reversal and remand is proper in this case. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the juvenile court for a new trial to be conducted in a manner consistent with the holdings herein.