Bruce Charles HUNGATE, a minor, Appellant,

v.

Janice HUNGATE et al., Appellees.

No. 6461.

Court of Civil Appeals of Texas, El Paso.

Oct. 29, 1975.

Joe K. McGill, Seminole, for appellant.

Freeman & Curry, William T. Curry, Seminole, Donald G. Canuteson, J. W. Ashby, Dallas, for appellees.

## OPINION

OSBORN, Justice.

### CASE SUMMARY

This case involves the enforcement of rights under a foreign judgment in a summary judgment proceeding. Having concluded that the foreign judgment is entitled to full faith and credit, we affirm the judgment of the trial Court.

### FACTS

In February, 1962, Jack and Janice Chilson took the Appellant, a newly born infant, into their home for purposes of adopting the child as their own. They paid some of the living and medical expense of the unwed mother and obtained her written consent to the adoption. On August 20, 1962, the adoptive parents filed a sworn Petition for Adoption in the County Court of Lancaster County, Nebraska, such County being their place of residence. Although Jack Chilson died five days later, Janice proceeded with the adoption which was subsequently granted on October 4, 1962.

On October 16, 1962, Janice was duly appointed Administratrix of the Estate of Jack Chilson, Deceased, in the County Court of Lancaster County, Nebraska. Upon the filing of a Final Account and Petition for Discharge, the County Judge set the application for hearing and ordered notice be given to all interested persons by publication for three successive weeks in The Daily

Reporter of Lincoln, Nebraska. A decree was entered on November 27, 1963, finding that Janice Chilson and two brothers of the deceased, Ted and Louis, were the sole and only heirs at law of Jack Chilson. A later order approved the accounting and closed the estate. The record before this Court contains a certificate from the County Judge of Lancaster County that no guardian ad litem was ever appointed to represent the Appellant in the probate proceedings of Jack Chilson, deceased. The Appellant filed a request for the Texas trial Court to take judicial notice of Section 38–114 of the Nebraska Statutes which empowers courts to appoint guardians to defend the interest of minors in any pending matter. Further, the Appellees filed a request for judicial notice of Section 30–1709 and 30–1710 of the Nebraska Statutes which provides for administration of estates, determination of heirship, and which requires notice by publication for three successive weeks before a final hearing. The record contains an order dated October 17, 1963, directing such publication notice, but the record is void of proof of compliance with such statute and order other than an attorney's Affidavit of Mailing Notice following the first publication. Neither party attempted to establish in this summary judgment proceeding either that the second and third publications were or were not made. The decree contains no recitals as to service.

In March, 1971, Mobil Oil Corporation commenced the present litigation by an interpleader suit, in which it tendered into Court oil runs from an interest Jack Chilson acquired as his separate property prior to marriage, and his widow, who has subsequently married James Hungate, the deceased's two brothers and the minor child mentioned above, were all made parties. Following substantial discovery by each side, the widow and brothers filed a Motion for Summary Judgment based upon the November, 1963, Nebraska decree as to heirship. A duly authenticated copy of such decree is in the record. The attorney ad litem, now representing the minor child, denied that Appellant was bound by such decree and also filed a Motion for Summary Judgment contending that there was an equitable adoption by Jack Chilson and that the Appellant is an heir. The trial Court granted the motion filed by the widow and brothers and the minor appeals with a single point of error attacking the granting of the Appellees' motion. For purposes of this appeal, we assume that the evidence raises an issue as to an equitable adoption of Appellant by Jack Chilson.

## ISSUES

ONE: Is a minor who makes a collateral attack upon an adverse foreign judgment bound by such decree which affects his rights when no guardian ad litem was appointed to represent his interest?

TWO: Where a collateral attack is made upon a foreign judgment in a summary judgment proceeding, who has the burden to establish jurisdiction, or the lack thereof, over the person of those claimed to be bound by such judgment?

## DECISION

**ISSUE ONE:**

Conclusion—A minor may not make a collateral attack upon a foreign judgment in which the court failed to appoint a guardian to represent his interest.

In this case, the widow and brothers as moving parties contend that the Nebraska decree determining the heirship of Jack Chilson is binding upon the Appellant and that he may not make a collateral attack merely because the foreign decree may have been procedurally erroneous. We agree.

Although Rule 166–A, Tex.R.Civ.P., provides for summary judgment based on " * * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, * * * ", courts have not been reluctant to also grant summary judgment based upon foreign

judgments. *Bates v. Smith*, 155 Tex. 443, 289 S.W.2d 215 (1956); *Sidran v. Tanenbaum*, 391 S.W.2d 93 (Tex.Civ.App.—Dallas 1965, no writ); *Brownwood Manufacturing Company v. Tanenbaum Textile Company*, 404 S.W.2d 106 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e., cert. denied, 386 U.S. 944, 87 S.Ct. 977), 17 L.Ed.2d 874; *Paschall v. Geib*, 405 S.W.2d 385 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.).

The general rule is that a judgment of a foreign state is entitled to full faith and credit even if it is irregular or erroneous, and this is true even where the procedural law of the state where the judgment was rendered was violated in the proceedings before judgment. 47 Am.Jur.2d, Judgments § 1238. An authenticated judgment of another state, when admitted in evidence in the forum, is presumed to be valid and binding in the state from which it comes, and the presumption of regularity includes the giving of due notice. 47 Am.Jur.2d, Judgments § 1237. Therefore, when a sister-state judgment is assailed in Texas, the attack being collateral, the judgment must be void for the attack to be successful. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1942); 34 Tex.Jur.2d, Judgments § 385. The courts of this State have consistently held that the failure to appoint a guardian ad litem to represent the interest of a minor will result in a judgment being voidable, and subject to a direct attack, but not void and subject to a collateral attack. *Wallis v. Stuart*, 92 Tex. 568, 50 S.W. 567 (1899); *Kelly v. Kelly*, 178 S.W. 686 (Tex.Civ.App.—Galveston 1915, no writ); *Davilla v. State*, 477 S.W.2d 410 (Tex.Civ.App.—Amarillo 1972, no writ); *Texas Employers' Insurance Association v. Williams*, 522 S.W.2d 549 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.). There being no showing of Nebraska law on collateral attacks, it is presumed to be the same as Texas. *Commonwealth of Massachusetts v. Davis*, supra. Thus, we reach the conclusion stated above in regard to the first issue in this case.

ISSUE TWO:

 Conclusion—Where a collateral attack is made in a summary judgment proceeding upon a foreign judgment which is entitled to a presumption of regularity, the burden of proof is upon the one attacking the judgment to establish that it is void and of no effect.

The Nebraska Court made a determination of heirship and at least impliedly found that there was no equitable adoption of the Appellant by Jack Chilson. Of course, that determination is not binding upon one who was not a party to the proceeding, and to be binding on all interested parties, including Appellant, citation must have been given as provided by law. The record before the trial Court and this Court fails to establish whether the citation was published three successive weeks as required. We conclude that Appellant had the burden to show such citation was not so published in order to avoid the presumptions in favor of a foreign judgment which was valid on its face. This being a summary judgment proceeding, there are no presumptions to be implied in favor of the trial Court's judgment which we now review. *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961). But this rule did not prohibit the Texas trial Court from considering presumptions in favor of the foreign judgment which was before it as the basis for Appellees' Motion for Summary Judgment.

In between *Gulf, Colorado & Santa Fe Railway Company v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958), and *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975), the Supreme Court has written and rewritten on the question of burden of proof in summary judgment cases. *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970); *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1972); *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974); and *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533 (Tex.1974). Obviously, the moving party must establish its right to a judg-

ment as a matter of law, and there is no penalty of waiver for an opponent of a motion failing to point out that the movant's evidence is only sufficient to raise a fact issue. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). In this case, we are not actually involved with an affirmative defense, but a basic complaint about jurisdiction over the person. What, then, is the effect of proof of a valid and subsisting judgment, where no other proof is offered?

In several cases which involved a trial on the merits, the courts have held that the foreign judgment makes out a prima facie case. *Garman v. Reynolds*, 284 S.W.2d 262 (Tex.Civ.App.—Fort Worth 1955, writ ref'd); *Roberts v. Hodges*, 401 S.W.2d 332 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.). Also, see cases cited in *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975). What, then, is a prima facie case in such an instance? It may mean a party has discharged his burden and is entitled to have the jury consider his case. This would not entitle one to a summary judgment. It also has another meaning.

> "Prima facie is also employed in a different sense. It is applied where the party has not only produced sufficient evidence to avoid an adverse peremptory ruling but has gone further and by a general mass of strong evidence or a presumption has entitled himself to a directed verdict if the opponent fails to proceed with the evidence. While it is not altogether clear from the decisions, it is believed that the Texas courts more often use the term 'prima facie case' in the latter sense." McCormick and Ray, Texas Law of Evidence, Volume 1, Section 55.

In that regard, the Court in *Gulf, Colorado & Santa Fe Railway Company v. McBride*, supra, noted that when a summary judgment is supported by extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show evidentiary data which will raise an issue as to a material fact.

If in this case there had been a trial on the merits before a jury and Appellees had offered into evidence the authenticated copy of the foreign judgment and rested their case, and Appellant offered no evidence, would there be an issue for a jury's determination? We think not. Thus, the foreign judgment would in such a situation have entitled Appellees to an instructed verdict and under the *McBride* case such proof is sufficient to support the granting of their motion for summary judgment in this case.

Thus, we conclude that in order to make a collateral attack on the Nebraska judgment, Appellant had the burden to come forward with some evidence to show that the Nebraska Court did not have jurisdiction over his person because of defective or improper service and thus make the foreign decree void. This he failed to do.

The Appellant's point of error is overruled. The judgment of the trial Court is affirmed.