**In the Matter of M. L. S., Appellant.**

**No. 16376.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 14, 1979.

R. H. Wester, Jr., Lippe, Klingemann & Wester, P. C., Seguin, for appellant.

OPINION

MURRAY, Justice.

This is an appeal from an order of the 25th Judicial District Court of Guadalupe County, sitting as a juvenile court, revoking the probation previously granted to the

child, M.L.S., in this cause, making a final finding of delinquent conduct, and committing the child to the care, custody, and control of the Texas Youth Council. The judgment of the trial court is challenged on the ground that the trial court erred in failing to provide appellant's counsel with ten days in which to prepare for a hearing on the State's petition to revoke probation. We sustain appellant's point of error.

■ The State filed no brief in this case; therefore, the statements made by appellant in his brief concerning the facts and the record are accepted by this court as correct. See Tex.R.Civ.P. 419.

■ On March 27, 1978, M.L.S. was declared a delinquent child and was placed on probation and ordered to pay restitution in the amount of $335. At a subsequent hearing held on July 26, 1978, the court ordered that the child's probation be extended for a period of one year, that the previously ordered restitution of $335 was to be payable in the amount of $20 per month, and that the child be required to attend counseling sessions as directed by the probation officer at the expense of the family. On May 14, 1979, the State filed a petition for hearing to modify disposition alleging that the child had violated certain conditions of his probation. An order was entered by the court setting a hearing on the petition for revocation of probation to be held on May 24, 1979. This order was served on the child and his mother on May 18, 1979. The attorney for M.L.S. appeared on May 24, 1979, and filed an original answer to the State's petition for hearing to modify disposition and a motion for ten days to prepare for adjudication hearing as provided in Section 51.10(h), Texas Family Code. No action was taken on the motion for ten days to prepare for adjudication hearing. On May 24, 1979, the court entered an order revoking probation and committing the child to the custody of the Texas Youth Council. One week later, appellant's attorney timely filed a motion for new trial alleging that the court erred in failing to afford him ten days' notice in which to prepare for the adjudication hearing. Subsequently, the court overruled the motion for new trial and M.L.S. has perfected an appeal to this Court.

Section 51.10(h) provides: "[a]ny attorney representing a child in proceedings under this title is entitled to ten days to prepare for any adjudication or transfer hearing under this title." Tex.Fam.Code Ann. § 51.10(h) (Vernon 1975). Section 51.09(a) provides a procedure by which certain rights given to a child can be waived. See Tex.Fam.Code Ann. § 51.09(a) (Vernon Supp.1978–1979).

It is undisputed that the right to a ten-day preparation period was not waived in the manner prescribed by Section 51.09(a). This time period has been held to apply when the State seeks to revoke the probation of a juvenile delinquent. See Franks v. State, 498 S.W.2d 516, 518 (Tex.Civ.App. —Texarkana 1973, no writ); cf. In re Faubus, 498 S.W.2d 21, 23 (Tex.Civ.App.— Amarillo 1973, no writ) (counsel entitled to ten days to prepare for hearing to determine whether minor is a delinquent child).

The judgment of the trial court is reversed and the cause is remanded to the trial court and M.L.S. is ordered released from the custody of the Texas Youth Council.