6CV-030 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00030-CV







John Neal Woodfin, Appellant



v.



Judy Coleman, Steven Dewayne Coleman, Rebecca Lynn Reese


and Aetna Casualty and Surety Company, Appellees







FROM THE DISTRICT COURT OF IRION COUNTY, 51ST JUDICIAL DISTRICT


NO. CV-94-015, HONORABLE BARBARA LANE WALTHER, JUDGE PRESIDING 








 More than ten years after the fact, appellant, John Neal Woodfin, sought to set aside a
portion of a judgment approving a settlement agreement in a lawsuit to which he was not a party. Appellees
Judy Coleman, Steven Dewayne Coleman, Rebecca Lynn Reese, and Aetna Casualty and Surety
Company were parties to the settled cause. Here, the parties submitted their case to the trial court on
agreed facts. After a hearing, the court denied appellant's request for declaratory and equitable relief. 
Woodfin challenges the judgment in three points of error. We will affirm the trial court's judgment.



BACKGROUND


 In 1980, Robert Edward Woodfin ("Robert"), then a minor, was injured while in the
custody of his father, appellant John Neal Woodfin ("Woodfin"). The injury occurred at a drilling rig. 
Robert's mother, appellee Judy Coleman, brought suit against the drilling companies in her individual
capacity and as Robert's next friend. In 1982, the parties reached an agreement and the 51st District Court
of Irion County conducted a friendly suit hearing to approve the settlement agreement and release ("the
agreement"). Robert was represented by a guardian ad litem in the proceedings.

 According to the agreement, Robert was to receive, in the event he survived, the following
payments: $20,000 on March 30, 1989; $109,152 on March 30, 1992; and $157,018 on March 30,
1996. The agreement provided that the payments would be divided among Robert's mother and siblings
if Robert failed to survive long enough to receive all the payments ("the contingency clause").

 After the agreement was approved by the court but before the final payment had been
made, Robert died intestate. After Robert's death, Woodfin, who was not a party to the original lawsuit,
filed a suit attacking the validity of the judgment approving the agreement. If the judgment were invalidated,
Woodfin would stand to collect part of the last payment under the laws of intestate distribution. The trial
court refused to invalidate the prior judgment and Woodfin appealed.



DISCUSSION


 In three points of error, Woodfin claims the trial court erred in denying him declaratory and
equitable relief because the contingency clause was: (1) subject to collateral attack; (2) not enforceable;
and (3) subject to modification. We disagree.

 The trial court correctly ruled that Woodfin was not entitled to relief because his suit was
an impermissible collateral attack on the prior judgment. Unless a judgment is void, it is not subject to
collateral attack. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). A judgment is void when
the court that rendered it lacked (1) jurisdiction over the parties or property; (2) jurisdiction over the
subject matter; (3) jurisdiction to render a particular judgment; or (4) the capacity to act as a court. Id.;
see also Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961) (judgment which discloses its invalidity on
its face is a nullity and may be disregarded anywhere at any time). If a judgment does not fail for one of
these jurisdictional reasons, it is merely voidable. Browning, 698 S.W.2d at 363. Voidable orders are
subject to direct attack only. Id.

 The judgment approving the agreement was not void on its face. The district court had
jurisdiction over the parties and property, had jurisdiction over the suit, had jurisdiction to render its order
approving the settlement, and had the capacity to act as a court. Consequently, Woodfin's collateral attack
was impermissible and we overrule Woodfin's first point of error. For the same reasons, the prior judgment
is not subject to modification. We, therefore, overrule Woodfin's third point of error as well.

 Even if Woodfin could collaterally attack the judgment approving the agreement, he would
not prevail because the judgment is enforceable. Woodfin claims the judgment is unenforceable because
it is an impermissible attempt to supersede the laws of intestate distribution. Woodfin's argument fails for
two reasons.

 First, under the terms of the agreement, Robert was required to survive to have any interest
in the payments. Robert failed to meet the condition precedent to payment of the money. Therefore, his
estate had no interest in the final payment and the money was not subject to distribution under the Probate
Code.

 Second, even if Robert's estate had an interest in the final payment, the Probate Code
would not invalidate the contingency clause. The Probate Code deems nontestamentary any (1) written
instrument (2) effective as a contract (3) that provides for funds due thereunder to be paid to a designee
of a decedent. Tex. Prob. Code Ann. § 450(a)(1) (West Supp. 1996). The settlement agreement at issue
was a written instrument effective as a contract. See Old Republic Ins. Co. v. Fuller, 919 S.W.2d 726,
728 (Tex. App.--Texarkana 1996, writ denied). The contingency clause awarded payments and provided
for those payments to be paid to Judy Coleman and her other two children, Robert's designees, in the event
of Robert's premature death.

 Woodfin contends that the contingency clause does not fall within Section 450(a)(1)
because Robert himself did not designate the alternate beneficiaries of the agreement. Woodfin further
asserts that Judy Coleman did not have the power as next friend to make the designation on behalf of
Robert. Technically, Robert did not himself designate the alternate beneficiaries. We conclude, however,
that Texas Rule of Civil Procedure 44 allowed Coleman as next friend to make a beneficiary designation
on behalf of the real party plaintiff, Robert, in settlement of the case. (1) Furthermore, the guardian ad litem
representing Robert in the case did not object and the court approved the agreement with the designation
intact. Once approved, the judgment was binding. Id. Woodfin cannot now collaterally attack the
judgment on the grounds that the guardian ad litem and the next friend acted outside their authority or
contrary to Robert's best interests. See Hungate v. Hungate, 531 S.W.2d 650, 653 (Tex. Civ. App.--El
Paso 1975, no writ); see also Wilson, 105 S.W.2d at 311. Assuming as we must that the guardian ad
litem and the next friend adequately protected Robert's interests, we deem the designation valid and
effectively made by Robert.

 In light of the above conclusion, and assuming arguendo that Woodfin could collaterally
attack the prior judgment and that Robert's estate had an interest in the final payment, we hold that the
agreement is nontestamentary under the Texas Probate Code. See Tex. Prob. Code Ann. § 450(a)(1)
(West 1994). We, therefore, overrule Woodfin's second point of error.



CONCLUSION


 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: October 2, 1996

Publish

1.   Rule 44 provides a minor may be represented by "next friend," who may "with approval
of the court compromise suits and agree to judgments. . . ." See Tex. R. Civ. P. 44. Even a
parent prosecuting in the dual capacity of next friend of a minor and as a plaintiff in her own right may
settle a case, provided her interest is not preferred to the detriment of the minor. Wilson v. Fisher,
105 S.W.2d 304, 310 (Tex. Civ. App.--Austin 1937), cert. denied, 302 U.S. 746 (1937). 


judgment
is not subject to modification. We, therefore, overrule Woodfin's third point of error as well.

 Even if Woodfin could collaterally attack the judgment approving the agreement, he would
not prevail because the judgment is enforceable. Woodfin claims the judgment is unenforceable because
it is an impermissible attempt to supersede the laws of intestate distribution. Woodfin's argument fails for
two reasons.

 First, under the terms of the agreement, Robert was required to survive to have any interest
in the payments. Robert failed to meet the condition precedent to payment of the money. Therefore, his
estate had no interest in the final payment and the money was not subject to distribution under the Probate
Code.

 Second, even if Robert's estate had an interest in the final payment, the Probate Code
would not invalidate the contingency clause. The Probate Code deems nontestamentary any (1) written
instrument (2) effective as a contract (3) that provides for funds due thereunder to be paid to a designee
of a decedent. Tex. Prob. Code Ann. § 450(a)(1) (West Supp. 1996). The settlement agreement at issue
was a written instrument effective as a contract. See Old Republic Ins. Co. v. Fuller, 919 S.W.2d 726,
728 (Tex. App.--Texarkana 1996, writ denied). The contingency clause awarded payments and provided
for those payments to be paid to Judy Coleman and her other two children, Robert's designees, in the event
of Robert's premature death.

 Woodfin contends that the contingency clause does not fall within Section 450(a)(1)
because Robert himself did not designate the alternate beneficiaries of the agreement. Woodfin further
asserts that Judy Coleman did not have the power as next friend to make the designation on behalf of
Robert. Technically, Robert did not himself designate the alternate beneficiaries. We conclude, however,
that Texas Rule of Civil Procedure 44 allowed Coleman as next friend to make a beneficiary designation
on behalf of the real party plaintiff, Robert, in settlement of the case. (1) Furthermore, the guardian ad litem
representing Robert in the case did not object and the court approved the agreement with the designation
intact. Once approved, the judgment was binding. Id. Woodfin cannot now collaterally attack the
judgment on the grounds that the guardian ad litem and the next friend acted outside their authority or
contrary to Robert's best interests. See Hungate v. Hungate, 531 S.W.2d 650, 653 (Tex. Civ. App.--El
Paso 1975, no writ); see also Wilson, 105 S.W.2d at 311. Assuming as we must that the guardian ad
litem and the next friend adequately protected Robert's interests, we deem the designation valid and
effectively made by Robert.

 In light of the above conclusion, and assuming arguendo that Woodfin could collaterally
attack the prior judgment and that Robert's estate had an interest in the final payment, we hold that the
agreement is nontestamentary under the Texas Probate Code. See Tex. Prob. Code Ann. § 450(a)(1)
(West 1994). We, therefore, overrule Woodfin's second point of error.



CONCLUSION


 The judgment of the trial court is affirmed.